# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JORGENSON,<br><br>      Plaintiff,<br><br>v.<br><br>THOMAS MOORE, M.D. et al.,<br><br>      Defendants. | Case No. 1:17-cv-00817-AWI-EPG (PC)<br><br>ORDER FINDING COGNIZABLE CLAIM<br><br>ORDER FOR PLAINTIFF TO:<br><br>1) NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY ON HIS FTCA CLAIM AGAINST DEFENDANT UNITED STATES OF AMERICA;<br><br>2) FILE A FIRST AMENDED COMPLAINT; OR,<br><br>3) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMENDATIONS CONSISTENT WITH THIS ORDER TO THE ASSIGNED DISTRICT JUDGE<br><br>(ECF No. 1)<br><br>THIRTY (30) DAY DEADLINE |

Paul Jorgenson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed the complaint commencing this action on June 19, 2017 (ECF No. 1), which is now before this Court for screening.

1

The Court finds that Plaintiff's complaint states a cognizable Federal Tort Claims Act claim against defendant United States of America, but fails to state any other cognizable claims.

Plaintiff now has a choice on how to proceed. Plaintiff may: 1) Notify the Court that he is willing to proceed only on his Federal Tort Claims Act claim against defendant United States of America; 2) File a First Amended Complaint; or 3) Notify the Court that he wishes to stand on his complaint, subject to this Court issuing findings and recommendations consistent with this order to the assigned district judge.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d

677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

On November 21, 2016, four correctional officers employed by the federal government at United States Penitentiary, Atwater ("USPA") arrived at Plaintiff's cell. They informed him that he was going on a medical trip. Plaintiff advised the officer in charge that he had not requested any medical treatment.

Plaintiff was placed in leg shackles and handcuffs secured with a "black box" and a waist chain. These restraints were never completely removed during the course of Plaintiff's stay at Emanuel Hospital Center ("EHC").

After arriving at EHC on November 21, Plaintiff was ordered to sign some "preliminary paperwork" by the guards and EMC staff. Thereafter Plaintiff was placed supine in a CT scanner. "After CT localization of a portion in the right hepatic lobe of the liver for the biopsy was obtained, a lidocaine anesthetic was administered and a 19-gauge guide needle was advanced into the right hepatic lobe." 20-gauge lung core samples were obtained and placed in a preservative solution for later examination.

The procedure was negligently performed, and Plaintiff suffered an immediate pneumothorax collapse of his right lung. A right pleural chest tube was implanted and then introduced into the right pleural cavity. Plaintiff experienced immediate dizziness, nausea, and impaired breathing. He was admitted as an in-patient and placed in a bed in a secure ward.

At the CT procedure, the attending physician was defendant Richard B. Haak, M.D., and defendant Jaspal Randhawa, Technologist. Other personnel were there but they are unknown to Plaintiff.

Plaintiff was chained to the bed during the entire three days he was at EMC. He was placed on an external suction machine as a means to inflate his right lung. He was given pain

3

medications, but they were ineffective and he continued to experience substantial pain and anxiety during his stay.

By late afternoon of November 23, 2016, all medical intubations were removed and Plaintiff was returned to USPA.

Plaintiff never knowingly gave his written or verbal consent for any of the procedures outlined above. Treatment was nonetheless administered, causing severe physical injury and extreme fear of death.

Plaintiff informed HPC staff on several occasions from November 21 to November 23 that he did not request a liver biopsy and did not knowingly authorize any such procedure to take place. Staff at EMC ignored Plaintiff's express decision and requests to cease forced medical treatment. No staff at USPA "ever knowingly received [Plaintiff's] verbal or written consent…."

As a result of these events, Plaintiff continues to suffer from shortness of breath, ongoing fear, anxiety, and emotional distress.

Plaintiff sues the United States of America Pursuant to the Federal Tort Claims Act. Plaintiff sues Richard B. Haak pursuant to California law. Plaintiff sues Jaspal Randhawa pursuant to California Law. Plaintiff sues EMC pursuant to California law. Plaintiff also sues Thomas Moore, but does not explain under what law he is being sued.

### III. DISCUSSION

#### A. Federal Tort Claims Act

"[T]he district courts… have exclusive jurisdiction of civil actions on claims against the United States, for money damages… for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

The Federal Tort Claims Act ("FTCA") provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

"The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976). The FTCA includes officers and employees of "any federal agency" but expressly excludes "any contractor with the United States." 28 U.S.C. § 2671. The "critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day operations' of the contractor, and not whether the agency must comply with federal standards and regulations." Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993) (quoting Ducey v. United States, 713 F.2d 504, 516 (9th Cir.1983)). Thus, the federal government is not responsible for the negligence of the employees of other entities, merely because they are working under a federal contract, maintaining property owned by the federal government, or working on projects funded by the federal government. See, e.g., Logue v. United States, 412 U.S. 521 (finding that the federal "marshal had no authority to control the activities of the sheriff's employees," and thus "the sheriff's employees were employees of a 'contractor with the United States,' and not… employees of a 'Federal Agency'").

The United States is not liable under the FTCA for constitutional tort claims. FDIC v. Meyer, 510 U.S. 471, 478 (1994). The FTCA "makes the United States liable 'in the same manner and to the same extent as a private individual under like circumstances.'" United States v. Olson, 546 U.S. 43, 46 (2005) (emphasis removed) (quoting 28 U.S.C. § 2674). "The law of the place in § 1346(b) has been construed to refer to the law of the state where the act or omission occurred. Thus, any duty that the United States owe[s] to plaintiff[] must be found in California state tort law." Delta Sav. Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001) (internal citations and quotation marks omitted).

Administrative exhaustion is a required element of a claim under the FTCA. Gillespie

v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (internal citation omitted).

28 U.S.C. § 2675(a), provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

This is a jurisdictional prerequisite to pursuing a tort claim against federal employees in a district court. Brady v. United States, 211 F.3d 499 (9th Cir. 2000) (stating that a claimant under the Federal Tort Claims Act must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" Brady, 211 F.3d at 502 (quoting Jerves v. United States, 966 F.2d 517, 521 (9th Cir.1992).

Exhaustion under the Prison Litigation Reform Act does not satisfy the requirement to exhaust under the FTCA. Compare 28 C.F.R. §§ 542.13-15 (Bureau of Prisons administrative grievance procedures) with 28 C.F.R. §§ 543.30-32 (administrative exhaustion procedures for the FTCA within the Bureau of Prisons).

### B. FTCA Claim against Defendant United States of America

Plaintiff has alleged that four correctional officers employed at USPA transported Plaintiff to EMC, despite being told by Plaintiff that he had not requested any medical treatment. Then, after Plaintiff arrived at EMC, guards ordered Plaintiff to sign some

"preliminary paperwork." Based on these and other allegations, the Court finds that Plaintiff has stated a cognizable FTCA claim against defendant United States of America.[1]

### C. State Law Claims Against Defendants Haak, Randhawa, and Emanuel Medical Center

In addition to bringing a claim under the FTCA, Plaintiff sues defendants Haak, Randhawa, and Emanuel Medical Center under California law.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'" Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir.1991)). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial,… the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

It appears that the exercise of supplemental jurisdiction over Plaintiff's state law claims is appropriate. However, it is not clear what claim(s) Plaintiff is attempting to bring against defendants Haak, Randhawa, and Emanuel Medical Center, because Plaintiff simply states that he is suing these defendants as individuals pursuant to California Law.

As it is impossible to determine what cause(s) of action Plaintiff is attempting to bring, the Court finds that Plaintiff has failed to state a cognizable claim against these defendants.[2]

---

[1] Plaintiff has also alleged that he submitted a claim to the Federal Bureau of Prisons, which was denied. Thus, Plaintiff has sufficiently alleged that he satisfied the administrative exhaustion requirements of 28 U.S.C. § 2675(a).

[2] The Court notes that the heading of the complaint cites to California law and the California Constitution. However, Plaintiff does not specify which claims he is bringing against which defendants in the header. Moreover, the law Plaintiff cites to in the header does not appear to be relevant to his state law claims.

However, the Court will give Plaintiff leave to amend so that he can specify what claim(s) he is attempting to bring against these defendants. Below, the Court provides Plaintiff with potentially relevant legal standards.

"Assault and battery are defined in the California Penal Code. Assault is the 'unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.' Cal.Penal Code § 240. 'A battery is any willful and unlawful use of force or violence upon the person of another.' Cal.Penal Code § 242. 'Harmful or offensive contact, intentionally done, is the essence of battery, while apprehension of that contact is the basis of assault.' 5 B.E. Witkin, Summary of Cal. Law, Torts § 383 (10th ed.2005) (citations omitted)." Tekle v. United States, 511 F.3d 839, 855 (9th Cir. 2007).

Under California civil law, the elements of assault are: "(1) that defendant intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that plaintiff was put in imminent apprehension of such contact." Brooks v. United States, 29 F.Supp.2d 613, 617 (N.D.Cal.1998) (citing Restatement (Second) of Torts § 21). "Physical injury is not a required element of either assault or battery. The tort of assault is complete when the anticipation of harm occurs." Kiseskey v. Carpenters' Tr. for So. California, 144 Cal. App. 3d 222, 232 (Cal. Ct. App. 1983).

Under California civil law, the elements of a battery are: "(1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff." Tekle, 511 F.3d at 855. Accord Piedra v. Dugan, 123 Cal. App. 4th 1483, 1495 (Cal. Ct. App. 2004).

To state a claim for medical negligence or malpractice under California law, Plaintiff must establish "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4)

---

For example, Plaintiff cites to California Civil Code § 2500, which defines "[r]oyalty recipient" and "royalty reporting party." These terms are completely unrelated to Plaintiff's case.

actual loss or damage resulting from the professional's negligence." <u>Sampson v. Ukiah Valley Med. Ctr.</u>, No. 15-CV-00160-WHO, 2017 WL 2834001, at *3 (N.D. Cal. June 30, 2017) (quoting <u>Machado v. Cal. Dep't of Corrs. and Rehab.</u>, 12-cv-6501-JSC, 2013 WL 5800380, at *5 (N.D. Cal. Oct. 28, 2013)).

### D. Defendant Thomas Moore

The Court finds that Plaintiff has failed to state a claim against defendant Moore. No factual allegations are included in the complaint as to defendant Moore. Moreover, Plaintiff does not state what claim he is attempting to assert against defendant Moore.

If Plaintiff chooses to amend his complaint he should include additional factual allegations regarding defendant Moore, and state what claim(s) he is attempting to assert against defendant Moore.

### IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint states cognizable FTCA claim against the United States of America, but fails to state any other cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff can provide additional factual allegations and state what claims he is attempting to assert against defendants Haak, Randhawa, Emanuel Medical Center, and Moore. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly

titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

    a. File a First Amended Complaint, which the Court will screen in due course;

    b. Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on his FTCA claim against defendant United States of America; or

    c. Notify the Court in writing that he does not agree to go forward on only the claim found cognizable by this order or file an amended complaint, in which case the Court will issue findings and recommendations to the assigned district judge consistent with this order.

2. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00817-AWI-EPG; and

3. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: __**January 19, 2018**__  /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE