# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JORGENSON,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS MOORE, M.D. et al.,<br><br>Defendants. | Case No. 1:17-cv-00817-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S FTCA CLAIM AGAINST THE UNITED STATES AND HIS STATE TORT CLAIMS FOR MEDICAL NEGLIGENCE AND BATTERY AGAINST DEFENDANTS HAAK, RANDHAWA, AND EMANUEL MEDICAL CENTER, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED WITH PREJUDICE<br><br>(ECF NO. 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

Paul Jorgenson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed the complaint commencing this action on June 19, 2017 (ECF No. 1).

On January 22, 2018, the Court issued a screening order. (ECF No. 11). The Court found that "Plaintiff's complaint states cognizable FTCA claim against the United States of America, but fails to state any other cognizable claims." (Id. at 9). The Court gave Plaintiff the option of proceeding with the complaint on the claim found cognizable by the Court, filing a

1

First Amended Complaint, or standing on his complaint, subject to the Court issuing findings and recommendations to the assigned district judge consistent with the screening order. (Id. at 10).

On March 26, 2018, Plaintiff filed his First Amended Complaint (ECF No. 15), which is now before the Court for screening. For the reasons described below, the Court recommends allowing Plaintiff to proceed on his Federal Tort Claims Act ("FTCA") claim against the United States and his state tort claims for medical negligence and battery against Defendants Haak, Randhawa, and Emanuel Medical Center, and that all other claims and defendants be dismissed with prejudice. Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of these findings and recommendations

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting

this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

At approximately 8:00 a.m. on the morning of November 21, 2016, four U.S.P. Atwater correctional officers arrived at Plaintiff's cell and informed him that he was going on a medical trip. Plaintiff told the officer in charge that he had not requested any medical treatment either verbally or in written form, and that he had a right to refuse non-emergency medical treatment. Nevertheless, Plaintiff was placed in leg shackles, as well as hand-cuffs secured with a "black box" and waist chain, and then taken to Emanuel Hospital Center. The restraints were never completely removed during the course of Plaintiff's hospital stay.

After arriving at the Emanuel Medical Center on November 21, at approximately 10:00 a.m., Plaintiff was ordered to sign some "preliminary paperwork" by the guards and Emanuel Medical Center staff. Plaintiff again advised the officer in charge that he had not requested any medical treatment and also informed the Emanuel Medical Center staff that he had a right to refuse non-emergency medical treatment.

Plaintiff was then placed supine in a CT scanner. After CT localization of a portion in the right hepatic lobe of the liver for the biopsy was obtained, a lidocaine anesthetic was administered and a 19-guage guide needle was advanced into the right hepatic lobe. 20 gauge lung core samples were obtained and placed in a preservative solution for later examination. The procedure was negligently performed due to staff inattention and in wanton disregard of Plaintiff's requests to refuse treatment. Plaintiff suffered an immediate pneumothorax collapse of his right lung.

At the CT procedure, the attending physician was Defendant Richard B. Haak, M.D.

and Defendant Jaspal Randhawa was the technologist. Other personnel were involved, but Plaintiff does not know their names.

A right pleural chest tube was implanted and introduced into the right pleural cavity. Plaintiff experienced immediate dizziness, nausea, and impaired breathing. He was admitted as an "in patient" and placed in a bed in a secure ward. Plaintiff was chained to the bed for three days. He was placed on an external suction machine as a means to inflate his right lung. He was given pain medications, but they were ineffective and he continued to experience substantial pain and anxiety during his stay.

By late afternoon of November 23, 2016, all medical intubations were removed and Plaintiff was returned to the penitentiary. Plaintiff did not give his consent for a livery biopsy, a collapsed lung, the intubation of the external suction machine, or being chained to the bed.

Plaintiff also alleges that, under Defendant Moore, the organization and administration of medical care at U.S.P. Atwater is inadequate. Records are not up to date, and procedures are routinely performed without current symptomatic indication, evaluation, or past disease history.

### III. DISCUSSION

#### A. Federal Tort Claims Act

"[T]he district courts… have exclusive jurisdiction of civil actions on claims against the United States, for money damages… for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

The FTCA provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

"The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S.

4

807, 813 (1976). The FTCA includes officers and employees of "any federal agency" but expressly excludes "any contractor with the United States." 28 U.S.C. § 2671. The "critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day operations' of the contractor, and not whether the agency must comply with federal standards and regulations." Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993) (quoting Ducey v. United States, 713 F.2d 504, 516 (9th Cir.1983)). Thus, the federal government is not responsible for the negligence of the employees of other entities, merely because they are working under a federal contract, maintaining property owned by the federal government, or working on projects funded by the federal government. See, e.g., Logue v. United States, 412 U.S. 521 (finding that the federal "marshal had no authority to control the activities of the sheriff's employees," and thus "the sheriff's employees were employees of a 'contractor with the United States,' and not… employees of a 'Federal Agency'").

The United States is not liable under the FTCA for constitutional tort claims. FDIC v. Meyer, 510 U.S. 471, 478 (1994). The FTCA "makes the United States liable 'in the same manner and to the same extent as a private individual under like circumstances.'" United States v. Olson, 546 U.S. 43, 46 (2005) (emphasis removed) (quoting 28 U.S.C. § 2674). "The law of the place in § 1346(b) has been construed to refer to the law of the state where the act or omission occurred. Thus, any duty that the United States owe[s] to plaintiff[] must be found in California state tort law." Delta Sav. Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001) (internal citations and quotation marks omitted).

Administrative exhaustion is a required element of a claim under the FTCA. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (internal citation omitted).

28 U.S.C. § 2675(a), provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act

5

or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

This is a jurisdictional prerequisite to pursuing a tort claim against federal employees in a district court. Brady v. United States, 211 F.3d 499 (9th Cir. 2000) (stating that a claimant under the Federal Tort Claims Act must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" Brady, 211 F.3d at 502 (quoting Jerves v. United States, 966 F.2d 517, 521 (9th Cir.1992).

Exhaustion under the Prison Litigation Reform Act does not satisfy the requirement to exhaust under the FTCA. Compare 28 C.F.R. §§ 542.13-15 (Bureau of Prisons administrative grievance procedures) with 28 C.F.R. §§ 543.30-32 (administrative exhaustion procedures for the FTCA within the Bureau of Prisons).

The Court recommends allowing Plaintiff's FTCA claim to proceed past the screening stage against the United States. Plaintiff has alleged that federal prison officers transported him, ordered him to sign forms, and kept him chained while he was at the hospital, all without his consent.

That said, the Court is not deciding that such facts constitute a claim under federal law. It is not clear to the Court that Plaintiff's submission of claims as described in the First Amended Complaint satisfied the exhaustion requirement for the FTCA. It is not clear whether the individuals involved in his alleged forced medical treatment were federal officers or federal contractors. Plaintiff's allegations that certain guards forced him to sign preliminary paperwork is vague as to who did what. Plaintiff does not articulate exactly what underlying

torts are being asserted against federal actors. He alleges generally that "The United States of America is being sued . . . for the acts and omissions of its employees which proximately caused Plaintiff continuing physical injury, pain and emotional distress." (ECF No. 15, at p. 3)

Nevertheless, the Court finds that this claim is not frivolous and should proceed past screening for further litigation with the participation of the United States.

### B. State Law Claims Against Medical Professionals

In addition to bringing a claim under the FTCA, Plaintiff sues certain medical professionals at Emanuel Medical Center for medical malpractice, negligent failure to obtain informed consent, and battery. Specifically, he alleges that Defendant Richard B. Haak, M.D. was the attending physician at the Emanuel Medical Center, and that Defendant Jaspal Randhawa assisted Defendant Dr. Haak. Plaintiff also names Emanuel Medical Center as a defendant because of "the acts and omissions of its employees."

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'" Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir.1991)). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial,… the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

"Assault and battery are defined in the California Penal Code. Assault is the 'unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.' Cal.Penal Code § 240. 'A battery is any willful and unlawful use of force or violence upon the person of another.' Cal.Penal Code § 242. 'Harmful or offensive contact, intentionally done, is

the essence of battery, while apprehension of that contact is the basis of assault.' 5 B.E. Witkin, Summary of Cal. Law, Torts § 383 (10th ed.2005) (citations omitted)." Tekle v. United States, 511 F.3d 839, 855 (9th Cir. 2007).

Under California civil law, the elements of assault are: "(1) that defendant intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that plaintiff was put in imminent apprehension of such contact." Brooks v. United States, 29 F.Supp.2d 613, 617 (N.D.Cal.1998) (citing Restatement (Second) of Torts § 21). "Physical injury is not a required element of either assault or battery. The tort of assault is complete when the anticipation of harm occurs." Kiseskey v. Carpenters' Tr. for So. California, 144 Cal. App. 3d 222, 232 (Cal. Ct. App. 1983).

Under California civil law, the elements of a battery are: "(1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff." Tekle, 511 F.3d at 855. Accord Piedra v. Dugan, 123 Cal. App. 4th 1483, 1495 (Cal. Ct. App. 2004).

To state a claim for medical negligence or malpractice under California law, Plaintiff must establish "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Sampson v. Ukiah Valley Med. Ctr., No. 15-CV-00160-WHO, 2017 WL 2834001, at *3 (N.D. Cal. June 30, 2017) (quoting Machado v. Cal. Dep't of Corrs. and Rehab., 12-cv-6501-JSC, 2013 WL 5800380, at *5 (N.D. Cal. Oct. 28, 2013)).

Plaintiff has alleged that medical professionals Haak and Randhawa administered a medical procedure without consent, and did so in a negligent manner. The Court recommends allowing claims for medical negligence and battery to proceed against Defendants Haak and Randhawa at this time. Given the connection with the claim against the United States, the Court recommends exercising supplemental jurisdiction over these claims at this time.

However, if the claim against the United States is dismissed, the Court may dismiss these related claims without prejudice. The Court also recommends allowing a claim to proceed against Emanuel Medical Center to the extent it is liable under a theory of vicarious liability.

As with the claim above, the Court is not deciding that the facts alleged state a viable claim for relief under the law. Plaintiff's allegations pose legal questions, such as the scope of vicarious liability, which may be challenged by defendants in this lawsuit after they are served. The Court is only recommending that Plaintiff's claims for medical malpractice and battery proceed past screening at this time as to Defendants Haak, Randhawa, and Emanuel Medical Center.

### C. Constitutional Claims Under <u>Bivens</u>

Plaintiff also asserts that Defendant Thomas Moore, Hospital Administrator at the United States Penitentiary, and four unknown escort correctional officers are liable under the Eighth Amendment of the U.S. Constitution, citing <u>Bivens v. Six Uknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

There are no allegations about anything that Defendant Moore did or did not do. The Court stated this in its first screening order and Plaintiff did not allege any additional facts regarding the acts or omissions of Defendant Moore in his First Amended Complaint.[1] Thus, Plaintiff fails to state a claim against Defendant Moore on this basis.

Plaintiff also does not explain how the four correctional officers violated the Eighth Amendment. He appears to be asserting that they transported him to medical care without his consent.

A <u>Bivens</u> action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. <u>Hartman v. Moore</u>, 547 U.S. 250, 126 S.Ct. 1695 (2006). The basis of a <u>Bivens</u> action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. <u>Baiser v. Department of Justice, Office of U.S. Trustee</u>, 327 F.3d 903, 909 (9th Cir. 2003). "To state a claim for relief under *Bivens*, a

---

[1] As described below, Plaintiff must allege facts linking each named defendant to the violation of his rights.

plaintiff must allege that a federal officer deprived him of his constitutional rights." Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing Schearz v. United States, 234 F.3d 428, 432 (9th Cir. 2000). A Bivens claim is only available against officers in their individual capacities. Morgan v. U.S., 323 F.3d 776, 780 n.3 (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988).

Plaintiff must allege facts linking each named defendant to the violation of his rights. Iqbal, 556 U.S. at 676; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678–79.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See, e.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The

Supreme Court has explained that "deliberate indifference entails something more than mere negligence...[but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

The Court recommends dismissing the claim for violation of the Eighth Amendment as to the four unknown correctional officers. Plaintiff alleges that four officers shackled him, transferred him to a hospital without his consent, and that they may have been among the guards that ordered him to sign preliminary paperwork. These allegations are not sufficient to establish that they individually violated his Eighth Amendment rights.

Plaintiff fails to allege that the correctional officers were deliberately indifferent to a serious medical need. On the contrary, Plaintiff alleges that the officers took him to receive medical care, but that Plaintiff did not consent to that care. Plaintiff also does not allege that they used excessive force, or that they denied him "the minimal civilized measure of life's necessities," Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Accordingly, Plaintiff's allegations do not state an Eighth Amendment claim under Bivens.

**IV.   RECOMMENDATIONS**

The Court recommends allowing Plaintiff to proceed on his FTCA claim against the United States and his state tort claims for medical negligence and battery against Defendants Haak, Randhawa, and Emanuel Medical Center. The Court recommends that all other claims and defendants be dismissed with prejudice.

The Court does not recommend granting further leave to amend because Plaintiff filed his First Amended Complaint after receiving ample legal guidance from the Court, and further

leave to amend appears to be futile.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 16, 2018**              /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE