UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| PAUL JORGENSON, | Case No. 1:17-cv-00817-LJO-EPG (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S FTCA CLAIM AGAINST THE UNITED STATES, HIS EIGHTH AMENDMENT <u>BIVENS</u> CLAIM AGAINST THE FOUR UNKNOWN CORRECTIONAL OFFICERS, AND HIS STATE TORT CLAIMS FOR MEDICAL NEGLIGENCE AND BATTERY AGAINST DEFENDANTS HAAK, RANDHAWA, AND EMANUEL MEDICAL CENTER, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED WITH PREJUDICE |
| v. | |
| THOMAS MOORE, M.D. et al., | |
| Defendants. | |
| | (ECF NO. 19) |
| | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

Paul Jorgenson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed the complaint commencing this action on June 19, 2017 (ECF No. 1).

On January 22, 2018, the Court issued a screening order. (ECF No. 11). The Court found that "Plaintiff's complaint states a cognizable FTCA claim against the United States of America, but fails to state any other cognizable claims." (<u>Id.</u> at 9). The Court gave Plaintiff the option of

1

proceeding with the complaint on the claim found cognizable by the Court, filing a First Amended Complaint, or standing on his complaint, subject to the Court issuing findings and recommendations to the assigned district judge consistent with the screening order. (Id. at 10). On March 26, 2018, Plaintiff filed his First Amended Complaint (ECF No. 15), which the Court screened in findings and recommendations to the assigned district judge. (ECF No. 16). Based on additional allegations raised in Plaintiff's objections to the findings and recommendations (ECF No. 17), the Court gave Plaintiff further leave to amend his complaint (ECF No. 18).

Plaintiff filed his Second Amended Complaint ("SAC") on July 12, 2018 (ECF No. 19), which is now before the Court for screening.

For the reasons described below, the Court recommends allowing Plaintiff to proceed on his FTCA claim against the United States, his Eighth Amendment Bivens claim against the four unknown correctional officers, and his state tort claims for medical negligence and battery against Defendants Haak, Randhawa, and Emanuel Medical Center. The Court also recommends that all other claims and defendants be dismissed with prejudice.

Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of these findings and recommendations

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

**II.  SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

At approximately 8:00 a.m. on the morning of November 21, 2016, four U.S.P. Atwater correctional officers arrived at Plaintiff's cell and informed him that he was going on a medical trip. Plaintiff told the officer in charge that he had not requested any medical treatment either verbally or in written form, and that he had a right to refuse non-emergency medical treatment. Nevertheless, Plaintiff was placed in leg shackles, as well as hand-cuffs secured with a "black box" and waist chain, and then taken to Emanuel Hospital Center. The restraints were never completely removed during the course of Plaintiff's hospital stay.

These four unknown correctional officers were the staff that provided security at the Emanuel Hospital Center, and were charged with guarding Plaintiff at Emanuel Medical Center from November 21 to November 23, 2016. Plaintiff was kept chained hand and foot to the hospital bed. The four officers also kept the television set at the highest volume during Plaintiff's entire stay at the hospital. This high volume subjected Plaintiff to sleep deprivation.

After arriving at the Emanuel Medical Center on November 21, at approximately 10:00 a.m., Plaintiff was ordered to sign some "preliminary paperwork" by the guards and Emanuel

Medical Center staff. Plaintiff again advised the officer in charge that he had not requested any medical treatment and also informed the Emanuel Medical Center staff that he had a right to refuse non-emergency medical treatment.

Plaintiff was then placed supine in a CT scanner. After CT localization of a portion in the right hepatic lobe of the liver for the biopsy was obtained, a lidocaine anesthetic was administered and a 19-guage guide needle was advanced into the right hepatic lobe. 20-gauge lung core samples were obtained and placed in a preservative solution for later examination. The procedure was negligently performed due to staff inattention and in wanton disregard of Plaintiff's requests to refuse treatment. Plaintiff suffered an immediate pneumothorax collapse of his right lung.

At the CT procedure, the attending physician was Defendant Richard B. Haak, M.D., and Defendant Jaspal Randhawa was the technologist. Other personnel were involved, but Plaintiff does not know their names.

A right pleural chest tube was implanted and introduced into the right pleural cavity. Plaintiff experienced immediate dizziness, nausea, and impaired breathing. He was admitted as an "in patient" and placed in a bed in a secure ward. Plaintiff was chained to the bed for three days. He was placed on an external suction machine as a means to inflate his right lung. He was given pain medications, but they were ineffective and he continued to experience substantial pain and anxiety during his stay.

By late afternoon of November 23, 2016, all medical intubations were removed and Plaintiff was returned to the penitentiary. Plaintiff did not give his consent for a livery biopsy, a collapsed lung, the intubation of the external suction machine, or being chained to the bed.

Plaintiff also alleges that, under Defendant Moore, the organization and administration of medical care at U.S.P. Atwater is inadequate. Records are not up to date, and procedures are routinely performed without current symptomatic indication, evaluation, or past disease history. Moreover, Plaintiff alleges that it was Defendant Moore who ordered that a liver biopsy be performed on Plaintiff.

///

4

### III. DISCUSSION

#### A. Federal Tort Claims Act

"[T]he district courts… have exclusive jurisdiction of civil actions on claims against the United States, for money damages… for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

The FTCA provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

"The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976). The FTCA includes officers and employees of "any federal agency" but expressly excludes "any contractor with the United States." 28 U.S.C. § 2671. The "critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day operations' of the contractor, and not whether the agency must comply with federal standards and regulations." Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993) (quoting Ducey v. United States, 713 F.2d 504, 516 (9th Cir.1983)). Thus, the federal government is not responsible for the negligence of the employees of other entities, merely because they are working under a federal contract, maintaining property owned by the federal government, or working on projects funded by the federal government. See, e.g., Logue v. United States, 412 U.S. 521 (finding that the federal "marshal had no authority to control the activities of the sheriff's employees," and thus "the sheriff's employees were employees of a 'contractor with the United States,' and not… employees of a 'Federal Agency'").

The United States is not liable under the FTCA for constitutional tort claims. FDIC v.

Meyer, 510 U.S. 471, 478 (1994). The FTCA "makes the United States liable 'in the same manner and to the same extent as a private individual under like circumstances.'" United States v. Olson, 546 U.S. 43, 46 (2005) (emphasis removed) (quoting 28 U.S.C. § 2674). "The law of the place in § 1346(b) has been construed to refer to the law of the state where the act or omission occurred. Thus, any duty that the United States owe[s] to plaintiff[] must be found in California state tort law." Delta Sav. Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001) (internal citations and quotation marks omitted).

Administrative exhaustion is a required element of a claim under the FTCA. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (internal citation omitted).

28 U.S.C. § 2675(a), provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

This is a jurisdictional prerequisite to pursuing a tort claim against federal employees in a district court. Brady v. United States, 211 F.3d 499 (9th Cir. 2000) (stating that a claimant under the Federal Tort Claims Act must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" Brady, 211 F.3d at 502 (quoting Jerves v. United States, 966 F.2d 517, 521 (9th Cir.1992).

Exhaustion under the Prison Litigation Reform Act does not satisfy the requirement to exhaust under the FTCA. Compare 28 C.F.R. §§ 542.13-15 (Bureau of Prisons administrative grievance procedures) with 28 C.F.R. §§ 543.30-32 (administrative exhaustion procedures for the FTCA within the Bureau of Prisons).

The Court recommends allowing Plaintiff's FTCA claim to proceed past the screening stage against the United States. Plaintiff has alleged that a doctor that works for the federal government ordered that Plaintiff receive a procedure that he did not need and to which he did not consent. The officers also kept Plaintiff chained while at the hospital, and kept the television set on full volume in order to deprive Plaintiff of sleep.

That said, the Court is not deciding that such facts constitute a cognizable FTCA claim. It is not clear to the Court that Plaintiff's submission of claims as described in the Second Amended Complaint satisfied the exhaustion requirement for the FTCA. It is not clear whether the individuals involved in his alleged forced medical treatment were federal officers or federal contractors. Plaintiff's allegations that certain guards forced him to sign preliminary paperwork is vague as to who did what. Plaintiff also does not articulate exactly what underlying torts are being asserted against the United States. Instead, he alleges generally that "[t]he United States of America is being sued … for the acts and omissions of its employees which proximately caused Plaintiff continuing physical injury, pain, and emotional distress." (ECF No. 19, p. 3). Accordingly, the Court is only finding that this claim is not frivolous and should proceed past screening for further litigation with the participation of the United States.

### B. Eighth Amendment Claim Under Bivens Against Defendant Moore

Plaintiff also asserts that Defendant Thomas Moore, Hospital Administrator at the United States Penitentiary, is liable under the Eighth Amendment of the United States Constitution, citing Bivens v. Six Uknown Federal Narcotics Agents, 403 U.S. 388 (1971). Plaintiff alleges that under Defendant Moore at U.S.P. Atwater, the organization and administration of the medical care system at the penitentiary is inadequate. Medical records are not maintained up to date and treatment is performed despite being contraindicated by any current symptomatic indication, evaluation, or past disease history. Defendant Moore failed to interview or examine

Plaintiff, and yet ordered that a liver biopsy be performed on Plaintiff.

A <u>Bivens</u> action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. <u>Hartman v. Moore</u>, 547 U.S. 250, 126 S.Ct. 1695 (2006). The basis of a <u>Bivens</u> action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. <u>Baiser v. Department of Justice, Office of U.S. Trustee</u>, 327 F.3d 903, 909 (9th Cir. 2003). "To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights." <u>Serra v. Lappin</u>, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing <u>Schearz v. United States</u>, 234 F.3d 428, 432 (9th Cir. 2000). A <u>Bivens</u> claim is only available against officers in their individual capacities. <u>Morgan v. U.S.</u>, 323 F.3d 776, 780 n.3 (9th Cir. 2003); <u>Vaccaro v. Dobre</u>, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*." <u>O'Neal v. Eu</u>, 866 F.2d 314, 314 (9th Cir. 1988).

Plaintiff must allege facts linking each named defendant to the violation of his rights. <u>Iqbal</u>, 556 U.S. at 676; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020–21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. <u>Iqbal</u>, 556 U.S. at 678–79.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832–33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. <u>Id.</u> at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See, e.g., <u>Farmer</u>, 511 U.S. at 847; <u>Hearns</u>, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence...[but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff's allegations against Defendant Moore fail to raise a constitutional claim under these legal standards. The allegations of poor paperwork management are vague. To the extent he is being sued in his supervisory capacity based on being the Hospital Administrator and Chief Medical Officer at Atwater, that role does not establish a claim because Bivens liability only extends to direct deprivation of constitutional rights—not supervisory liability. See Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1990) (respondeat superior theory of liability inapplicable to Bivens actions).

To the extent that Plaintiff is alleging that it was Defendant Moore who ordered that a liver biopsy be performed, Plaintiff provides very little detail. There are no allegations suggesting that Defendant Moore knew of and disregarded a risk to Plaintiff's health. In fact, Plaintiff appears to be alleging it was negligence (through poor record keeping) that caused Defendant Moore to order the biopsy, and "[a] plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*." O'Neal v. Eu, 866 F.2d

9

314, 314 (9th Cir. 1988).

### C. Eighth Amendment Claim Under <u>Bivens</u> Against Four Unknown Correctional Officers

Plaintiff also brings a <u>Bivens</u> claim against the four unknown correctional officers who transported Plaintiff to Emanuel Hospital Center, ordered him to sign preliminary paper work, kept him chained hand and foot to his hospital bed, and kept the television at the highest volume (resulting in sleep deprivation). Plaintiff alleges that these four officers "purposefully engaged in these torturous acts to punish Jorgenson for needing emergency medical treatment." (ECF No. 19, p. 4.) Plaintiff alleges that, despite his protests, four unknown correctional officers transported him to Emanuel Hospital Center, and ordered him to sign preliminary paper work. They also kept him chained hand and foot to the hospital bed and kept the television set in the ward on the highest volume twenty-four hours a day from November 21, through November 23, 2016.

Based on these allegations and applying the legal standards set out above, this Court recommends allowing an Eighth Amendment <u>Bivens</u> claim against these officers to proceed past the screening stage. However, as with Plaintiff's FTCA claim, the Court is only finding that this claim is not frivolous and should proceed past screening for further litigation with the participation of the four unknown officers.

### D. State Law Claims

In addition to bringing a claim under the FTCA, Plaintiff sues certain medical professionals at Emanuel Medical Center for medical malpractice, negligent failure to obtain informed consent, and battery. Specifically, he alleges that Defendant Richard B. Haak, M.D. was the attending physician at the Emanuel Medical Center, and that Defendant Jaspal Randhawa assisted Defendant Dr. Haak. Plaintiff also names Emanuel Medical Center as a defendant because of "the acts and omissions of its employees."

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under

Article III [of the Constitution]," with specific exceptions. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'" Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir.1991)). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial,… the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

"Assault and battery are defined in the California Penal Code. Assault is the 'unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.' Cal.Penal Code § 240. 'A battery is any willful and unlawful use of force or violence upon the person of another.' Cal.Penal Code § 242. 'Harmful or offensive contact, intentionally done, is the essence of battery, while apprehension of that contact is the basis of assault.' 5 B.E. Witkin, Summary of Cal. Law, Torts § 383 (10th ed.2005) (citations omitted)." Tekle v. United States, 511 F.3d 839, 855 (9th Cir. 2007).

Under California civil law, the elements of assault are: "(1) that defendant intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that plaintiff was put in imminent apprehension of such contact." Brooks v. United States, 29 F.Supp.2d 613, 617 (N.D.Cal.1998) (citing Restatement (Second) of Torts § 21). "Physical injury is not a required element of either assault or battery. The tort of assault is complete when the anticipation of harm occurs." Kiseskey v. Carpenters' Tr. for So. California, 144 Cal. App. 3d 222, 232 (Cal. Ct. App. 1983).

Under California civil law, the elements of a battery are: "(1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff." Tekle, 511 F.3d at 855. Accord Piedra v. Dugan, 123 Cal. App. 4th 1483, 1495 (Cal. Ct. App. 2004).

To state a claim for medical negligence or malpractice under California law, Plaintiff must establish "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Sampson v. Ukiah Valley Med. Ctr., No. 15-CV-00160-WHO, 2017 WL 2834001, at *3 (N.D. Cal. June 30, 2017) (quoting Machado v. Cal. Dep't of Corrs. and Rehab., 12-cv-6501-JSC, 2013 WL 5800380, at *5 (N.D. Cal. Oct. 28, 2013)).

Plaintiff has alleged that medical professionals Haak and Randhawa administered a medical procedure without consent, and did so in a negligent manner. The Court recommends allowing claims for medical negligence and battery to proceed against Defendants Haak and Randhawa. Given the connection with the claim against the United States, the Court recommends exercising supplemental jurisdiction over these claims. However, if the claim against the United States is dismissed, the Court may dismiss these related claims without prejudice. The Court also recommends allowing a claim to proceed against Emanuel Medical Center to the extent it is liable under a theory of vicarious liability.

As with the claim above, the Court is not deciding that the facts alleged state a viable claim for relief under the law. Plaintiff's allegations pose legal questions, such as the scope of vicarious liability, which may be challenged by defendants in this lawsuit after they are served. The Court is only recommending that Plaintiff's claims for medical malpractice and battery proceed past screening as to Defendants Haak, Randhawa, and Emanuel Medical Center.

**IV.     RECOMMENDATIONS**

The Court recommends allowing Plaintiff to proceed on his FTCA claim against the United States, his Eighth Amendment Bivens claim against the four unknown correctional officers, and his state tort claims for medical negligence and battery against Defendants Haak, Randhawa, and Emanuel Medical Center. The Court recommends that all other claims and defendants be dismissed with prejudice.

The Court does not recommend granting further leave to amend because Plaintiff filed

12

| | |
|---|---|
| 1 | his Second Amended Complaint after receiving ample legal guidance from the Court, and further |
| 2 | leave to amend appears to be futile. |
| 3 | These findings and recommendations are submitted to the district judge assigned to the |
| 4 | case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** |
| 5 | after being served with these findings and recommendations, Plaintiff may file written objections |
| 6 | with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings |
| 7 | and Recommendations."  Plaintiff is advised that failure to file objections within the specified |
| 8 | time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th |
| 9 | Cir. 2014) (quoting <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)). |

IT IS SO ORDERED.

Dated: __**July 19, 2018**__         /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE