UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JORGENSON,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 1:17-cv-00817-LJO-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO EMANUEL MEDICAL CENTER AND JASPAL RANDHAWA'S MOTION TO DISMISS AND MOTION TO STRIKE WITHIN THIRTY DAYS |

Paul Jorgenson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action. On December 17, 2018, defendants Emanuel Medical Center and Jaspal Randhawa filed a motion to dismiss and a motion to strike. (ECF Nos. 29-37). Plaintiff was required to file an opposition or a statement of non-opposition to the motions within twenty-one days (Local Rule 230(l)), but did not do so.

Local Rule 230(l) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Failure to follow a district court's local rules is a proper ground for dismissal. See, e.g., U.S. v. Warren, 601 F.2d 471, 474 (9th Cir. 1979). Thus, a Court may dismiss an action for a plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition. See Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995), cert. denied 516 U.S. 838 (1995) (dismissal upheld even where plaintiff contended he

1

did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to file opposition); cf. Heinemann v. Satterberg, 731 F.3d 914, 916 (9th Cir. 2013) (holding that a motion for summary judgment cannot be granted based on a failure to file opposition, regardless of any local rule to the contrary).

Despite Plaintiff's failure to follow Local Rule 230(l), the Court will give Plaintiff an additional thirty days to file an opposition or statement of non-opposition to defendants Emanuel Medical Center and Jaspal Randhawa's motion to dismiss and motion to strike. However, the Court will deem the failure to oppose the motion to dismiss or the motion to strike as a waiver of any opposition to that motion, and may recommend that the motions be granted on that basis. Additionally, if Plaintiff fails to oppose the motions or file statements of non-opposition, the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with a court order.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to defendants Emanuel Medical Center and Jaspal Randhawa's motion to dismiss and motion to strike; and
2. If Plaintiff fails to comply with this order, the Court will deem the failure to oppose the motion to dismiss or the motion to strike as a waiver of any opposition to that motion, and may recommend that the motions be granted on that basis. Additionally, the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **January 22, 2019**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE