UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JORGENSON,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00817-LJO-EPG (PC)<br><br>ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE |

    Paul Jorgenson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action.

    The Court held an initial scheduling conference on March 20, 2019. (ECF No. 69). Plaintiff telephonically appeared on his own behalf. Counsel Edward Olsen personally appeared on behalf of defendant United States of America. Counsel Carlos Ambriz telephonically appeared on behalf of defendant Haak. Counsel Thomas Gray telephonically appeared on behalf of defendants Randhawa and Emanuel Medical Center.

    For the reasons stated on the record at the conference, IT IS ORDERED that:

1. Discovery is open only as the following issues:
   a. Plaintiff's consent at Emanuel Medical Center to the medical procedures Plaintiff underwent at Emanuel Medical Center.
   b. The Court's jurisdiction to hear this matter.
   c. Exhaustion of administrative remedies as to Plaintiff's claim against the

United States of America.

    d. Identification of Doe Defendants.

2. The parties have forty-five days from the date of service of a discovery request to respond to that request.

3. In the motions to dismiss filed by defendants Haak, Randhawa, and Emanuel Medical Center, these defendants raised the issue of Plaintiff's consent at Emanuel Medical Center to the medical procedures Plaintiff underwent at Emanuel Medical Center. In each motion to dismiss, this issue is converted to a motion for summary judgment. Plaintiff has until July 12, 2019, to submit a supplemental response (which may include evidence) that addresses only the issue of his consent. If Plaintiff files a supplement, Defendants have until August 16, 2019, to file a reply.

4. Defendant United States of America has until April 26, 2019, to file a motion for summary judgment on the issue of exhaustion of administrative remedies. Plaintiff has until June 21, 2019, to file his response to the motion. Defendant United States of America has until June 28, 2019, to file a reply. Failure to file a motion for summary judgment on the issue of exhaustion by this deadline will result in waiver of the defense. See Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014) (providing that the exhaustion question should be decided as early as feasible).

5. Plaintiff has until July 12, 2019, to identify Doe Defendants. To add named defendants in place of Doe Defendants, Plaintiff may file a motion for leave to amend the complaint or a motion to substitute. Failure to file a motion for leave to amend or a motion to substitute by this deadline may result in dismissal of Doe Defendants.

6. Within thirty days from the date of service of this order, Plaintiff shall serve Defendants' counsel (Mr. Olsen, Mr. Ambriz, and Mr. Gray) with his initial disclosures. As discussed in the Court's prior order (ECF No. 44), Plaintiff shall provide Defendants' counsel with "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along

with the subjects of that information−that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id. at 2). Plaintiff shall also provide Defendants with a "copy−or a description by category and location−of all documents, electronically stored information, and tangible things that [Plaintiff] has in [his] possession, custody, or control and may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id.)

7. A Status Conference is set for September 9, 2019, at 3:00 p.m. At the conference the parties shall be prepared to discuss all outstanding motions, and, if necessary, the setting of a schedule.

8. As the Court has converted a portion of the motions to dismiss into motions for summary judgment, pursuant to Rand v. Rowland, 154 F.3d 952, the Court hereby notifies Plaintiff of the following rights and requirements for opposing Defendants' motions for summary judgment.

## **NOTICE AND WARNING:**

Certain defendants have made a motion for summary judgment by which they seek to have some of your claims dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case as to those claims.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to

interrogatories, or authenticated documents, as provided in Rule [56(c)],[1] that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, the claims at issue will be dismissed and there will be no trial on those claims.

## EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS

You are responsible for filing all evidentiary documents cited in the opposing papers. Local Rule 260(b). If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." Id. See also Fed. R. Civ. P. 56(d).

IT IS SO ORDERED.

Dated: __**March 26, 2019**__           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The substance of Rule 56(e) from the 1998 version, when Rand was decided, has been reorganized and renumbered with the current version of Rule 56(c).