# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL JORGENSON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THOMAS MOORE, M.D.,**<br><br>**Defendants.** | Case No.: 1:17-CV-00817-LJO-EPG-PC<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(ECF NO. 73) |

Plaintiff Paul Jorgenson is a federal prisoner presently incarcerated at U.S. Penitentiary Atwater. He is proceeding *pro se* and *in forma pauperis* with claims stemming from a medical visit to and treatment he received at Emanual Hospital Center ("EMC") on November 2016. *See generally* ECF No. 19, Second Amended Complaint ("SAC"). He complains about the fact that he was sent on a medical visit, and about the various aspects of that medical visit, including how he was transported to EMC, how he was restrained during his transport and visit, and how unnamed correctional officers treated him during the visit. *Id*. In addition, he complains that even though he refused treatment, he was nonetheless subjected to a variety of procedures at EMC, including a CT scan and several biopsies, the latter of which allegedly caused complications related to his lung function and necessitated further treatment, none of which he consented to. *Id*.; *see also* ECF No. 20, Findings and Recommendations regarding SAC. He brings a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b); an Eighth Amendment claim (based upon *Bivens v. Six Uknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against four unnamed correctional officers; and state tort law claims against EMC and individual medical providers Richard Haak ("Haak") and Jaspal Randhawa ("Randhawa").

1

Defendants EMC and Randhawa moved to dismiss on numerous grounds, including that Plaintiff consented to treatment. ECF No. 29. Defendant Haak filed a separate motion to dismiss that made a similar argument. ECF No. 46. Defendants present copies of Plaintiff's consent forms and argue those documents may be considered on a Federal Rule of Civil Procedure 12(b)(6) motion pursuant to the incorporation by reference doctrine because Plaintiff references numerous other portions of his own medical records in his Complaint. ECF No. 29 at 4-5; ECF No. 46 at 4-5.

The assigned magistrate judge, after discussing the pending motions with the parties at the scheduling conference,[1] determined that, as to this issue, it was appropriate to convert the motions to dismiss into motions for summary judgment. ECF No. 70 at 2, ¶ 2. She then set a briefing schedule to permit Plaintiff to supplement the record regarding the matter, with an opportunity for Defendants' to reply if Plaintiff chose to supplement. *Id.*

Defendants EMC and Randhawa now move for reconsideration of the magistrate judge's conversion order on the ground that it effectively operates as an improper dispositive decision on their motion to dismiss. The Court will assume without deciding that converting a motion to dismiss into a motion for summary judgment is a dispositive determination[2] and will treat that determination as findings and recommendations ("F&Rs") regarding the same. Relatedly the Court will treat EMC's motion for reconsideration as objections thereto. So treated, the Court adopts the F&Rs in full. The magistrate judge's scheduling order is a reasonable procedural approach to the matter at hand and is one the undersigned would have ordered had the motion been presented in the first instance to the assigned district judge, rather than having been automatically referred to the magistrate judge for the preparation of F&Rs.

---

[1] EMC and Randhawa also complain that they were not given notice that the magistrate intended to discuss their motion to dismiss at the scheduling conference, as she had previously indicated the motions would be submitted on the papers. The undersigned fails to see how the moving parties were prejudiced by this "surprise" opportunity to discuss their motion.

[2] It is notable that the moving parties cite no authority in support of this proposition.

2

Even assuming, *arguendo*, that it is appropriate for the Court to take judicial notice of Plaintiffs' entire medical record because he has extensively referenced it in his Complaint, this action would not be dispositive of Defendants' contention that Plaintiff consented to treatment. Judicial notice simply permits the Court to take notice of the existence and content of the documents in question, not of the truth of the matters stated therein. *See* Fed. R. Evid. 201; *San Luis & Delta-Mendota Water Auth. v. Salazar*, 686 F. Supp. 2d 1026, 1032 (E.D. Cal. 2009) (taking judicial notice of public records for their content, not for the truth of that content). Therefore, assuming, as this court must, the truth of Plaintiff's allegation that he was ordered to sign paperwork by one of the correctional officers who had allegedly been mistreating him, SAC at 4, it is at least plausible to infer that his consent (even if in writing) was not voluntary or informed. This alone justifies converting the motions to dismiss to ones for summary judgment as to this issue.

Therefore, viewing the SAC in the light most favorable to Plaintiff, the Court believes the magistrate judge correctly applied the law under the circumstances in converting the motion to one for summary judgment. Therefore, treating the conversion order as F&Rs, the Court **ADOPTS IN FULL** the F&Rs. To the extent doing so is even necessary under Local Rules 302 and 303, the Court re-refers the motion for summary judgment to the assigned magistrate judge for the preparation of additional F&Rs. Should the summary judgment motion be resolved against Defendants, they may raise the incorporation by reference issue along with any other relevant issues in their objections.

IT IS SO ORDERED.

Dated: **April 10, 2019**   /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE