UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JORGENSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA., et al.,<br><br>    Defendants. | Case No. 1:17-cv-00817-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS EMC AND RANDHAWA'S MOTIONS TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br><br>(ECF NOS. 29 & 34)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.    BACKGROUND**

Paul Jorgenson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action. This case now proceeds on Plaintiff's Second Amended Complaint ("SAC"), which was filed on July 12, 2018. (ECF No. 19.) This case is proceeding "on Plaintiff's FTCA claim against the United States, his Eighth Amendment Bivens claim against the four unknown correctional officers, and his state tort claims for medical negligence and battery against Defendants Haak, Randhawa, and Emanuel Medical Center." (ECF No. 21, p. 2.)

On December 17, 2018, defendant Emanuel Medical Center ("EMC") and defendant Jaspal Randhawa ("Randhawa") filed a partial motion to dismiss and a motion to strike Plaintiff's claim for punitive damages.[1] (ECF Nos. 29, 30, 31, 34, & 35.) On February 7, 2019,

---

[1] "Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 971 (9th Cir. 2010). "However, courts sometimes construe such deficient motions to strike as motions to dismiss and analyze them accordingly…." Rhodes v. Placer Cty., 2011 WL 1302240, at *20 (E.D. Cal.

1

Plaintiff filed his opposition to defendants EMC and Randhawa's motion to dismiss. (ECF No. 58.) Defendants EMC and Randhawa filed their reply on February 14, 2019. (ECF No. 60.) On March 8, 2019, defendants EMC and Randhawa filed a notice stating that although Plaintiff opposed the motion to dismiss, he failed to oppose the motion to strike. (ECF No. 67.)

The issue of Plaintiff's consent to the medical procedures he underwent was converted to a motion for summary judgment. (ECF Nos. 70 and 74.) On June 24, 2019, Plaintiff filed a supplemental response, including evidence. (ECF No. 78.) On July 25, 2019, EMC and Randhawa filed their reply to Plaintiff's supplemental response. (ECF No. 82.)

For the reasons described below, the Court will recommend that defendants EMC and Randhawa's motions to dismiss be granted in part and denied in part. The Court will address the portion of the motion to dismiss that was converted to a motion for summary judgment in a separate order.

## II. SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

At approximately 8:00 a.m. on the morning of November 21, 2016, four U.S.P. Atwater correctional officers arrived at Plaintiff's cell and informed him that he was going on a medical trip. Plaintiff told the officer in charge that he had not requested any medical treatment either verbally or in written form, and that he had a right to refuse non-emergency medical treatment. Nevertheless, Plaintiff was placed in leg shackles, as well as hand-cuffs secured with a "black box" and waist chain, and then taken to Emanuel Hospital Center. The restraints were never completely removed during the course of Plaintiff's hospital stay.

These four unknown correctional officers were the staff that provided security at the Emanuel Hospital Center, and were charged with guarding Plaintiff at Emanuel Medical Center from November 21 to November 23, 2016. Plaintiff was kept chained hand and foot to the hospital bed. The four officers also kept the television set at the highest volume during Plaintiff's entire stay at the hospital. This high volume subjected Plaintiff to sleep deprivation.

After arriving at the Emanuel Medical Center on November 21, at approximately 10:00

---

Mar. 31, 2011), report and recommendation adopted, 2011 WL 1739914 (E.D. Cal. May 4, 2011). Here, the Court will construe defendants EMC and Randhawa's motion to strike as a motion to dismiss.

2

a.m., Plaintiff was ordered to sign some "preliminary paperwork" by the guards and Emanuel Medical Center staff. Plaintiff again advised the officer in charge that he had not requested any medical treatment and also informed the Emanuel Medical Center staff that he had a right to refuse non-emergency medical treatment.

Plaintiff was then placed supine in a CT scanner. After CT localization of a portion in the right hepatic lobe of the liver for the biopsy was obtained, a lidocaine anesthetic was administered and a 19-gauge guide needle was advanced into the right hepatic lobe. 20-gauge lung core samples were obtained and placed in a preservative solution for later examination. The procedure was negligently performed due to staff inattention and in wanton disregard of Plaintiff's requests to refuse treatment. Plaintiff suffered an immediate pneumothorax collapse of his right lung.

At the CT procedure, the attending physician was defendant Richard B. Haak, M.D., and defendant Jaspal Randhawa was the technologist. Other personnel were involved, but Plaintiff does not know their names.

A right pleural chest tube was implanted and introduced into the right pleural cavity. Plaintiff experienced immediate dizziness, nausea, and impaired breathing. He was admitted as an "in patient" and placed in a bed in a secure ward. Plaintiff was chained to the bed for three days. He was placed on an external suction machine as a means to inflate his right lung. He was given pain medications, but they were ineffective and he continued to experience substantial pain and anxiety during his stay.

By late afternoon of November 23, 2016, all medical intubations were removed and Plaintiff was returned to the penitentiary. Plaintiff did not give his consent for a livery biopsy, a collapsed lung, the intubation of the external suction machine, or being chained to the bed.

### III. DEFENDANTS EMC AND RANDHAWA'S MOTIONS TO DISMISS

#### a. Legal Standards for Motions to Dismiss

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts

in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. See Iqbal, 556 U.S. at 679. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236 (1974).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Gumataotao v. Dir. of Dep't of Revenue & Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001).

b. Defendants EMC and Randhawa's Position

Defendants EMC and Randhawa move "the court for an Order to Dismiss the plaintiff's claims for lack of informed consent and battery within the Second Amended Complaint … pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), on the grounds that those causes of action fail to state a plausible claim for relief as to the hospital and technologist defendants." (ECF No. 29 at 2.)

Defendants EMC and Randhawa argue that, under California law, the duty to obtain informed consent rests with the physician. (Id. at 5.) "[T]he scope of practice statutorily allowed for the hospital and technologist are limited." (Id.) "Neither EMC nor RANDHAWA are physicians, nor are they legally allowed to obtain informed consent." (Id.). Therefore, Plaintiff's claim for lack of informed consent against defendants EMC and Randhawa fails.

(Id.)

As to Plaintiff's claim for battery, the claim "arises from the lack of consent claim as to the original procedure and the medically necessary treatment for treating a known complication of the procedure. First, as discussed in the prior section, EMC and RANDHAWA have no duty to obtain consent, as the duty to discuss the risks, benefits and alternatives to a procedure rest with the physician. Second there is no allegation that EMC or its employee RANDHAWA touched the Plaintiff. Third, Plaintiff has provided written consent to the procedure, as well as 'further procedures which in the opinion of the supervising physician or surgeon may be indicated due to any emergency.'" (Id. at 7.) "The fact that Plaintiff provided consent for the initial procedure and necessary emergency procedures, such as the placement of the chest tube for a pneumothorax, there can be no battery. Further there are no allegations that Plaintiff's consent was conditional or that the consent was exceeded or violated in any manner." (Id.)

Next, defendants EMC and Randhawa argue that Plaintiff has not complied with California Code of Civil Procedure § 425.13, which is required in order for Plaintiff to claim punitive damages. (Id.; ECF No. 34 at 3-4.) Additionally, "Plaintiff provides no factual allegations to support punitive damages…." (ECF No. 34 at 5.). Thus, defendants EMC and Randhawa ask the Court to dismiss Plaintiff's punitive damages claim. (Id. at 6.)[2]

Finally, defendants EMC and Randhawa argue that leave to amend should be denied because the defects in Plaintiff's SAC cannot be cured. (ECF No. 29 at 9.)

c. Plaintiff's Position

Plaintiff argues that the motions to dismiss should be denied because they are not well-grounded as to the law and facts. (ECF No. 58 at 2.)

Plaintiff opposes the "request for judicial notice because the request is a means to avoid the requirements of F.R.Civ.Pro. 56." (Id.) "As a result of the defendants submitting documents in support of their motion to dismiss that are not of record in this case, the defense motions should be treated as summary judgment motions and be denied as no discovery has taken

---

[2] As discussed above, the Court is treating defendants EMC and Randhawa's motion to strike as a motion to dismiss.

5

place." (Id.)³

Plaintiff alleges that he "did not ever request to have an unnecessary and invasive liver biopsy or the result pneumothorax that came with it, and never <u>knowingly</u> gave consent for any such liver biopsy." (Id. at 3.) Plaintiff argues that "[l]ogic dictates that no hospital staff would subject a patient to invasive procedures over such a patient's express, verbal statements that authorization was not given at any time prior to being taken out [of] U.S.P. Atwater." (Id. at 3-4.)

As to defendants EMC and Randhawa's argument that Plaintiff never received permission to request punitive damages, Plaintiff argues that the Court gave its permission for Plaintiff to include punitive damages in the amended complaints. (Id. at 4.). Additionally, "Defendants' position assumes intimate knowledge of California law, but Jorgenson is not a lawyer and cannot be held to the same standards as lawyers." (Id. at 5.)

Plaintiff includes a sworn declaration with his opposition. (Id. at 6-7.)

    d. <u>Discussion</u>

        i. *Plaintiff's Claim for Negligent Failure to Obtain Informed Consent*

As defendants EMC and Randhawa note in their reply (ECF No. 60 at 5), this case is not proceeding on a claim for negligent failure to obtain informed consent. This case is proceeding on Plaintiff's "state tort claims for medical negligence and battery against Defendants … Randhawa[] and Emanuel Medical Center," and all other claims against them were dismissed. (ECF No. 21 at 2.)⁴ Accordingly, the Court will recommend that this portion of defendant EMC and Randhawa's motion to dismiss be denied as moot.

///

---

³ Given the documents submitted by the defendants in this action, the Court converted the issue of Plaintiff's consent to the medical procedures to a motion for summary judgment. (ECF Nos. 70 & 74.) The Court also allowed discovery and supplemental submissions on the issue. (ECF No. 70 at 1-2.)

⁴ This claim was appropriately dismissed at screening because Plaintiff is claiming that he never provided informed consent for the procedures, which, under California law, is a battery claim. "An action should be pleaded in negligence when the doctor performs an operation to which plaintiff consents, but without disclosing sufficient information about the risks inherent in the surgery. The battery theory should be reserved for those circumstances when a doctor performs an operation to which the patient has not consented." <u>Saxena v. Goffney</u>, 159 Cal. App. 4th 316, 324 (2008) (citations and internal quotation marks omitted).

ii. *Plaintiff's Claim for Punitive Damages*

Defendants EMC and Randhawa argue that Plaintiff's claim for punitive damages should be dismissed because Plaintiff failed to comply with California Code of Civil Procedure § 425.13.[5] However, as Chief Judge Lawrence J. O'Neill found in <u>Scalia v. Cty. of Kern</u>, 308 F. Supp. 3d 1064, 1091 (E.D. Cal. 2018), this rule does not apply in federal court.

> Defendants argue that the prayer for punitive damages should be dismissed with respect to Plaintiff's medical negligence claim as well, because California law requires that a plaintiff pursuing a claim for punitive damages against a healthcare provider must first obtain court approval under California Code of Civil Procedure § 425.13, which provides in pertinent part that "[i]n any action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed." Cal. Civ. Proc. Code § 425.13(a). It requires the party to establish a "substantial probability that the plaintiff will prevail on the claim" before being permitted to include a claim for punitive damages. *Id.* In opposition, Plaintiff discussed only the availability of punitive damages with respect to the § 1983 claim and failed to respond with respect to the negligence claim. Nevertheless, the Court finds that Section 425.13 is inapplicable here.
>
> California district courts have split on whether Section 425.13 applies in federal court, and the Ninth Circuit has not resolved the split. *Elias*, 2017 WL 1013122, at *5. Most courts addressing the issue have examined whether the rule is a procedural one that would not apply in federal court, or a substantive one that it would. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In *Jackson v. E. Bay Hosp.*, the court held that Section 425.13 "is essentially a method of managing or directing a plaintiff's pleadings, rather than a determination of substantive rights" and declined to apply it, finding that the procedural hoop was not "so intimately bound up" with the substantive law that it must be applied in a diversity case. 980 F.Supp. 1341, 1352 (N.D. Cal. 1997). Relying on the California Supreme Court's explanation

---

[5] While defendant EMC is arguing that Plaintiff's claim for punitive damages against it should be dismissed, it does not appear that Plaintiff's Second Amended Complaint actually seeks punitive damages against defendant EMC. (ECF No. 19 at 6 ("Plaintiff Jorgenson also seeks compensatory and punitive monetary damages against the individual Defendants, and compensatory monetary damages against the official Defendants United States and the Emanuel Medical Center….").)

> that the purpose of the rule was to establish a pretrial mechanism to determine whether an action for punitive damages would be allowed to proceed, the court declined to graft this requirement onto federal litigation because "federal courts readily accomplish the purposes contemplated by section 425.13 through their case management procedures. Section 425.13 does not supplant those." *Id.* at 1353 (citing *Cent. Pathology Serv. Med. Clinic, Inc. v. Superior Court*, 3 Cal. 4th 181, 189, 10 Cal.Rptr.2d 208, 832 P.2d 924 (1992). *See also Burrows v. Redbud Cmty. Hosp. Dist.*, 188 F.R.D. 356, 361 (N.D. Cal. 1997) ("[S]ection 425.13 is a procedural rule for managing and directing pleadings: it does not create substantive limits on the damages a plaintiff may seek."). One district court found Section 425.13 to be a procedural rule inapplicable in federal court because it conflicts with Federal Rule of Civil Procedure 8(a)(3), which provides that "[a] pleading that states a claim for relief must contain ... a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). The court in *Estate of Prasad ex rel. Prasad v. County of Sutter* held that "because Rule 8(a)(3) allows a plaintiff to request in her initial complaint all the relief she seeks, it says implicitly, but with unmistakable clarity[,] that a plaintiff is not required to wait until a later stage of the litigation to include a prayer for punitive damages, nor is she required to proffer evidence or obtain leave of court before doing so." 958 F.Supp.2d 1101, 1121 (E.D. Cal. 2013) (quoting *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1298 (11th Cir. 1999) (internal quotation marks omitted) (construing similar state law requiring leave of court to plead punitive damages claim), *opinion vacated in part on other grounds on reh'g*, 204 F.3d 1069 (11th Cir. 2000) ). The Court agrees with the logic of these cases and holds that Section 425.13 does not affect the substance of the negligence claim or burden of proof for punitive damages but merely manages the pleadings by dictating how and when a plaintiff may plead the request.

<u>Scalia</u>, 308 F. Supp. 3d at 1090–91 (alterations in original) (footnotes omitted).

Thus, defendants EMC and Randhawa's argument that Plaintiff's claim for punitive damages should be dismissed because Plaintiff failed to comply with California Code of Civil Procedure § 425.13 fails.

As to their argument that Plaintiff's claim for punitive damages should be dismissed because Plaintiff has not alleged sufficient facts to support his claim for punitive damages, this argument fails as well. Rule 54(c) provides that a final judgment "should grant the relief to

which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). "Citing this rule, the Ninth Circuit has found that a plaintiff need not include in his complaint a 'specific prayer for emotional distress or punitive damages' in order to give the opposing party proper notice of the claim against him." Preayer v. Ryan, 2017 WL 2351601, at *6 (D. Ariz. May 31, 2017) (quoting Cancellier v. Federated Dep't Stores, 672 F.2d 1312, 1319 (9th Cir. 1982)). If a plaintiff need not even include a prayer for punitive damages in his complaint to receive an award of punitive damages, this Court agrees that it "makes little sense" to require detailed factual allegations to support a demand for punitive damages. Elias v. Navasartian, 2017 WL 1013122, at *5 (citing Soltys v. Costello, 520 F.3d 737, 742 (7th Cir. 2008)).

Finally, defendants EMC and Randhawa argue that Plaintiff failed to file an opposition or statement of non-opposition to the motion to strike, and therefore the motion should be granted. (ECF No. 67.) While the title of Plaintiff's opposition is "Plaintiff's opposition to Defendants Emanuel Medical Center and Jaspal Randhawa's Motion to Dismiss," he clearly addressed the issue of whether he is entitled to punitive damages. (ECF No. 58 at 4-5.) The Court will not grant the motion simply because Plaintiff failed to add "and Motion to Strike" in the title of his opposition.

Based on the foregoing, the Court will recommend that defendant EMC and Randhawa's request to dismiss Plaintiff's request for punitive damages be denied.

         iii. *Plaintiff's Battery Claim*

           1. ***Legal Standards***

"A claim based on lack of informed consent—which sounds in negligence—arises when the doctor performs a procedure without first adequately disclosing the risks and alternatives. In contrast, a battery is an intentional tort that occurs when a doctor performs a procedure without obtaining any consent." Saxena, 159 Cal. App. 4th at 324.

Under California civil law, the elements of a battery are: "(1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss

or harm to the plaintiff." Tekle v. United States, 511 F.3d 839, 855 (9th Cir. 2007). Accord Piedra v. Dugan, 123 Cal. App. 4th 1483, 1495 (2004).

2. *Analysis*

Defendants EMC and Randhawa argue that this claim should be dismissed because they have no duty to obtain informed consent, because Plaintiff did not allege that they ever touched him, and because Plaintiff provided "written consent to the procedure, as well as 'further procedures which in the opinion of the supervising physician or surgeon may be indicated due to any emergency.'" (ECF No. 29 at 7.)

Defendant Randhawa is correct that Plaintiff does not allege that defendant Randhawa did an act that resulted in harmful or offensive contact with Plaintiff. (See ECF No. 19 at 5.) In fact, except for saying that defendant Randhawa was the technologist, (id.), and that he "was assisting Dr. Haak," (id. at 3), Plaintiff does not explain defendant Randhawa's role in the procedures. There is no allegation that defendant Randhawa ever touched, or caused Plaintiff to be touched, in any way. As Plaintiff failed to sufficiently allege that defendant Randhawa did an act that resulted in harmful or offensive touching, Plaintiff has failed to state a claim for battery against defendant Randhawa.[6]

As Plaintiff has already filed three complaints, and as there is no indication in Plaintiff's opposition that he can allege additional relevant facts related to this incident, the Court will recommend that the battery claim against defendant Randhawa be dismissed, with prejudice.

However, the analysis is different as to defendant EMC. While it is true that Plaintiff has not alleged that defendant EMC touched him, Plaintiff appears to be suing defendant EMC under a theory of *respondeat superior*. "Under the doctrine of respondeat superior, an employer is vicariously liable for his employee's torts committed within the scope of the employment." Perez v. Van Groningen & Sons, Inc., 41 Cal. 3d 962, 967 (1986).

Plaintiff has alleged that defendant Haak was the attending physician at EMC (ECF No. 19 at 3), and appears to refer to him as hospital staff (Id. at 5.) Construing Plaintiff's *pro se*

---

[6] Additionally, there is no allegation in the complaint that Plaintiff told defendant Randhawa that he did not consent to the procedure, but that defendant Randhawa assisted in performing the procedure anyway.

complaint liberally, the Court finds that Plaintiff has sufficiently alleged that defendant EMC is defendant Haak's employer. As it is alleged that defendant Haak was a physician who was performing a medical procedure on Plaintiff at EMC when he battered Plaintiff, Plaintiff has also sufficiently alleged that defendant Haak was acting within the scope of his employment when he committed the tort against Plaintiff. Thus, Plaintiff has sufficiently alleged that defendant EMC is vicariously liable for defendant Haak's conduct, and defendant EMC's argument that EMC never touched Plaintiff fails.

As to defendant EMC's argument that Plaintiff's battery claim should be dismissed because defendant EMC had no duty to obtain informed consent, this argument is not on point. Plaintiff has sufficiently alleged that defendant EMC is vicariously liable for defendant Haak's conduct related to the procedure, and that defendant Haak failed to obtain informed consent for the procedure. Thus, it is not relevant whether defendant EMC had an independent duty to obtain informed consent.

As to defendant EMC and Randhawa's third argument, that this claim should be dismissed because Plaintiff did consent to the procedures, this argument was converted to a motion for summary judgment, (ECF Nos. 70 & 74), and will be addressed in a separate order.

**IV.     CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant EMC and Randhawa's motions to dismiss be granted in part and denied in part;[7]
2. Plaintiff's battery claim against defendant Randhawa be dismissed, with prejudice;
3. Defendant EMC's request to dismiss Plaintiff's battery claim against defendant EMC be denied;
4. Defendant EMC and Randhawa's request to dismiss Plaintiff's claim for negligent failure to obtain informed consent be denied as moot; and

---

[7] The Court will address the portion of the motion to dismiss that was converted to a motion for summary judgment in a separate order.

11

    5. Defendant EMC and Randhawa's request to dismiss Plaintiff's request for punitive damages be denied.

  These findings and recommendations will be submitted to the United States district court judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **fourteen (14) days** after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **seven (7) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 12, 2019**    /s/ _Erica P. Grosjean_
                  UNITED STATES MAGISTRATE JUDGE