UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JORGENSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA., et al.,<br><br>    Defendants. | Case No. 1:17-cv-00817-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT HAAK'S PARTIAL MOTION TO DISMISS BE DENIED<br><br>(ECF NO. 46)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

## I. BACKGROUND

Paul Jorgenson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action. This case now proceeds on Plaintiff's Second Amended Complaint ("SAC"), which was filed on July 12, 2018. (ECF No. 19.) This case is proceeding "on Plaintiff's FTCA claim against the United States, his Eighth Amendment Bivens claim against the four unknown correctional officers, and his state tort claims for medical negligence and battery against Defendants Haak, Randhawa, and Emanuel Medical Center." (ECF No. 21, p. 2.)

On January 17, 2019, defendant Haak filed a partial motion to dismiss. (ECF No. 46.) On February 7, 2019, Plaintiff filed his opposition to defendant Haak's motion to dismiss. (ECF No. 57.) Defendant Haak filed his reply on February 12, 2019. (ECF No. 59.)

The issue of Plaintiff's consent to the medical procedures he underwent was converted to a motion for summary judgment. (ECF Nos. 70 and 74.) On June 24, 2019, Plaintiff filed a supplemental response, including evidence. (ECF No. 78.) On July 17, 2019, defendant Haak

1

filed his reply to Plaintiff's supplemental response. (ECF No. 81.)

For the reasons described below, the Court will recommend that defendant Haak's partial motion to dismiss be denied. The Court will address the portion of the motion to dismiss that was converted to a motion for summary judgment in a separate order.

## II. SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

At approximately 8:00 a.m. on the morning of November 21, 2016, four U.S.P. Atwater correctional officers arrived at Plaintiff's cell and informed him that he was going on a medical trip. Plaintiff told the officer in charge that he had not requested any medical treatment either verbally or in written form, and that he had a right to refuse non-emergency medical treatment. Nevertheless, Plaintiff was placed in leg shackles, as well as hand-cuffs secured with a "black box" and waist chain, and then taken to Emanuel Hospital Center. The restraints were never completely removed during the course of Plaintiff's hospital stay.

These four unknown correctional officers were the staff that provided security at the Emanuel Hospital Center, and were charged with guarding Plaintiff at Emanuel Medical Center from November 21 to November 23, 2016. Plaintiff was kept chained hand and foot to the hospital bed. The four officers also kept the television set at the highest volume during Plaintiff's entire stay at the hospital. This high volume subjected Plaintiff to sleep deprivation.

After arriving at the Emanuel Medical Center on November 21, at approximately 10:00 a.m., Plaintiff was ordered to sign some "preliminary paperwork" by the guards and Emanuel Medical Center staff. Plaintiff again advised the officer in charge that he had not requested any medical treatment and also informed the Emanuel Medical Center staff that he had a right to refuse non-emergency medical treatment.

Plaintiff was then placed supine in a CT scanner. After CT localization of a portion in the right hepatic lobe of the liver for the biopsy was obtained, a lidocaine anesthetic was administered and a 19-gauge guide needle was advanced into the right hepatic lobe. 20-gauge lung core samples were obtained and placed in a preservative solution for later examination. The procedure was negligently performed due to staff inattention and in wanton disregard of Plaintiff's requests to refuse treatment. Plaintiff suffered an immediate pneumothorax collapse

of his right lung.

At the CT procedure, the attending physician was defendant Richard B. Haak, M.D., and defendant Jaspal Randhawa was the technologist. Other personnel were involved, but Plaintiff does not know their names.

A right pleural chest tube was implanted and introduced into the right pleural cavity. Plaintiff experienced immediate dizziness, nausea, and impaired breathing. He was admitted as an "in patient" and placed in a bed in a secure ward. Plaintiff was chained to the bed for three days. He was placed on an external suction machine as a means to inflate his right lung. He was given pain medications, but they were ineffective and he continued to experience substantial pain and anxiety during his stay.

By late afternoon of November 23, 2016, all medical intubations were removed and Plaintiff was returned to the penitentiary. Plaintiff did not give his consent for a livery biopsy, a collapsed lung, the intubation of the external suction machine, or being chained to the bed.

**III.     DEFENDANT HAAK'S MOTION TO DISMISS**

   a. Legal Standards for Motions to Dismiss

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. See Iqbal, 556 U.S. at 679. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236 (1974).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Gumataotao v. Dir. of Dep't of Revenue & Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001).

      b. <u>Defendant Haak's Position</u>

Defendant Haak moves to "dismiss Plaintiff's causes of action for failure to obtain informed consent, battery, and claim for punitive damages…." (ECF No. 46 at 2.) The motion is made on the grounds that:

> 1. Plaintiff failed to allege sufficient facts to support a cognizable claim for lack of informed consent under California law;
> 2. Plaintiff failed to state a claim for battery under California law; and
> 3. Plaintiff failed to comply with the statutory requirements of California Code of Civil Procedure §425.13….

(Id.)

Defendant Haak argues that Plaintiff failed to state a claim for lack of informed consent because, "[d]espite what is alleged in the SAC, plaintiff provided written consent to the procedure performed by defendant on November 21, 2016." (ECF No. 46-1 at 4.) Additionally, Plaintiff failed to state a claim for lack of informed consent because "[t]here are no allegations contained in the complaint stating that this defendant failed to provide plaintiff with the information a skilled medical practitioner would have provided under the circumstances, and plaintiff failed to allege the essential causal relationship between defendant's alleged failure to inform and plaintiff s alleged injury." (Id. at 5-6.)

As to Plaintiff's claim for battery, defendant Haak argues that "plaintiff provided written consent to the procedure, as well as 'further procedures which in the opinion of the supervising physician or surgeon may be indicated due to any emergency.'" (Id. at 6 (citation omitted).) "Because plaintiff provided consent, there can be no battery." (Id. at 7.)

Next, defendant Haak argues that "[b]ecause plaintiff violated California Code of Civil Procedure section 425.13 by alleging a claim for punitive damages in his prayer for relief, without first seeking a court order pursuant to the provisions of that statute, plaintiff s punitive damages claim should be dismissed against this defendant." (Id. at 8.) Alternatively, defendant Haak argues that Plaintiff's punitive damages claim should be dismissed because "Plaintiff's factual allegations against this defendant fail to support a claim for punitive damages, as the factual allegations fall short of the requirement that plaintiff allege facts establishing conduct on the part of this defendant that amounts to oppression, fraud, or malice." (Id. at 10.)

Finally, defendant Haak argues that leave to amend should be denied as to Plaintiff's claims for lack of informed consent and battery because "Plaintiff cannot cure the many deficiencies contained in the SAC." (Id. at 12.)

       c. <u>Plaintiff's Position</u>

Plaintiff argues that the motion to dismiss should be denied because it is "not well-grounded as to the law and the facts." (ECF No. 57 at 2.)

Plaintiff "opposes Haak's request for judicial notice because the request is a pretext and a means to avoid the requirements of F.R.Civ.Pro. 56. Because the defendants submitted documents in support of their motion to dismiss that are not of record in this case, the defense motions should be treated as summary judgment motions and be denied as no discovery has taken place." (Id.)[1]

Plaintiff alleges that he "did not ever request to have an unnecessary and invasive liver biopsy or the resulting pneumothorax that came with it, and never <u>knowingly</u> gave consent for any such liver biopsy." (Id. at 3.) Plaintiff argues that "[l]ogic dictates that no hospital staff would subject a patient to contraindicated, and non-emergency invasive procedures over such a patient's express, verbal statements that authorization was not given at any time prior to being taken out [of] U.S.P. Atwater." (Id.)

---

[1] Given the documents submitted by the defendants in this action, the Court converted the issue of Plaintiff's consent to the medical procedures to a motion for summary judgment. (ECF Nos. 70 & 74.) The Court also allowed discovery and supplemental submissions on the issue. (ECF No. 70 at 1-2.)

As to defendant Haak's argument that Plaintiff never received permission to request punitive damages, Plaintiff argues that the Court gave its permission for Plaintiff to include punitive damages in the amended complaints. (Id. at 4.) Additionally, "Haak's position assumes intimate knowledge of California law on the part of a *pro se* prisoner litigant, but Jorgenson is not a lawyer and cannot be held to the same standards as lawyers." (Id. at 5.)

Plaintiff includes a sworn declaration with his opposition. (Id. at 6-7.)

   d. Discussion

      i. *Plaintiff's Claim for Negligent Failure to Obtain Informed Consent*

This case is not proceeding against defendant Haak on a claim for negligent failure to obtain informed consent. This case is only proceeding against defendant Haak on Plaintiff's "state tort claims for medical negligence and battery…." (ECF No. 21 at 2.) All other claims against defendant Haak were dismissed. (Id.)[2] Accordingly, the Court will recommend that defendant Haak's request to dismiss Plaintiff's claim for negligent failure to obtain informed consent be denied.

      ii. *Plaintiff's Claim for Punitive Damages*

Defendant Haak first argues that Plaintiff's claim for punitive damages should be dismissed because Plaintiff failed to comply with California Code of Civil Procedure § 425.13. However, as Chief Judge Lawrence J. O'Neill found in Scalia v. Cty. of Kern, 308 F. Supp. 3d 1064, 1091 (E.D. Cal. 2018), this rule does not apply in federal court.

> Defendants argue that the prayer for punitive damages should be dismissed with respect to Plaintiff's medical negligence claim as well, because California law requires that a plaintiff pursuing a claim for punitive damages against a healthcare provider must first obtain court approval under California Code of Civil Procedure § 425.13, which provides in pertinent part that "[i]n any action for damages arising out of the professional negligence

---

[2] Plaintiff's claim for negligent failure to obtain informed consent was appropriately dismissed at screening because Plaintiff is claiming that he never provided informed consent for the procedures, which, under California law, is a battery claim. "An action should be pleaded in negligence when the doctor performs an operation to which plaintiff consents, but without disclosing sufficient information about the risks inherent in the surgery. The battery theory should be reserved for those circumstances when a doctor performs an operation to which the patient has not consented." Saxena v. Goffney, 159 Cal. App. 4th 316, 324 (2008) (citations and internal quotation marks omitted).

of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed." Cal. Civ. Proc. Code § 425.13(a). It requires the party to establish a "substantial probability that the plaintiff will prevail on the claim" before being permitted to include a claim for punitive damages. *Id.* In opposition, Plaintiff discussed only the availability of punitive damages with respect to the § 1983 claim and failed to respond with respect to the negligence claim. Nevertheless, the Court finds that Section 425.13 is inapplicable here.

California district courts have split on whether Section 425.13 applies in federal court, and the Ninth Circuit has not resolved the split. *Elias*, 2017 WL 1013122, at *5. Most courts addressing the issue have examined whether the rule is a procedural one that would not apply in federal court, or a substantive one that it would. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In *Jackson v. E. Bay Hosp.*, the court held that Section 425.13 "is essentially a method of managing or directing a plaintiff's pleadings, rather than a determination of substantive rights" and declined to apply it, finding that the procedural hoop was not "so intimately bound up" with the substantive law that it must be applied in a diversity case. 980 F.Supp. 1341, 1352 (N.D. Cal. 1997). Relying on the California Supreme Court's explanation that the purpose of the rule was to establish a pretrial mechanism to determine whether an action for punitive damages would be allowed to proceed, the court declined to graft this requirement onto federal litigation because "federal courts readily accomplish the purposes contemplated by section 425.13 through their case management procedures. Section 425.13 does not supplant those." *Id.* at 1353 (citing *Cent. Pathology Serv. Med. Clinic, Inc. v. Superior Court*, 3 Cal. 4th 181, 189, 10 Cal.Rptr.2d 208, 832 P.2d 924 (1992). *See also Burrows v. Redbud Cmty. Hosp. Dist.*, 188 F.R.D. 356, 361 (N.D. Cal. 1997) ("[S]ection 425.13 is a procedural rule for managing and directing pleadings: it does not create substantive limits on the damages a plaintiff may seek."). One district court found Section 425.13 to be a procedural rule inapplicable in federal court because it conflicts with Federal Rule of Civil Procedure 8(a)(3), which provides that "[a] pleading that states a claim for relief must contain ... a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). The court in *Estate of Prasad ex rel. Prasad v. County of Sutter* held that "because Rule 8(a)(3) allows a plaintiff to request in her initial complaint all the relief she seeks, it says

> implicitly, but with unmistakable clarity[,] that a plaintiff is not required to wait until a later stage of the litigation to include a prayer for punitive damages, nor is she required to proffer evidence or obtain leave of court before doing so." 958 F.Supp.2d 1101, 1121 (E.D. Cal. 2013) (quoting *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1298 (11th Cir. 1999) (internal quotation marks omitted) (construing similar state law requiring leave of court to plead punitive damages claim), *opinion vacated in part on other grounds on reh'g*, 204 F.3d 1069 (11th Cir. 2000) ). The Court agrees with the logic of these cases and holds that Section 425.13 does not affect the substance of the negligence claim or burden of proof for punitive damages but merely manages the pleadings by dictating how and when a plaintiff may plead the request.

Scalia, 308 F. Supp. 3d at 1090–91 (alterations in original) (footnotes omitted).

Thus, defendant Haak's argument that Plaintiff's claim for punitive damages should be dismissed because Plaintiff failed to comply with California Code of Civil Procedure § 425.13 fails.

As to defendant Haak's argument that Plaintiff's claim for punitive damages should be dismissed because Plaintiff has not alleged sufficient facts to support his claim for punitive damages, this argument fails as well. Rule 54(c) provides that a final judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). "Citing this rule, the Ninth Circuit has found that a plaintiff need not include in his complaint a 'specific prayer for emotional distress or punitive damages' in order to give the opposing party proper notice of the claim against him." Preayer v. Ryan, 2017 WL 2351601, at *6 (D. Ariz. May 31, 2017) (quoting Cancellier v. Federated Dep't Stores, 672 F.2d 1312, 1319 (9th Cir. 1982)). If a plaintiff need not even include a prayer for punitive damages in his complaint to receive an award of punitive damages, this Court agrees that it "makes little sense" to require detailed factual allegations to support a demand for punitive damages. Elias v. Navasartian, 2017 WL 1013122, at *5 (citing Soltys v. Costello, 520 F.3d 737, 742 (7th Cir. 2008)).

Based on the foregoing, the Court will recommend that defendant Haak's request to dismiss Plaintiff's request for punitive damages be denied.

### iii. *Plaintiff's Battery Claim*

#### 1. *Legal Standards*

"A claim based on lack of informed consent—which sounds in negligence—arises when the doctor performs a procedure without first adequately disclosing the risks and alternatives. In contrast, a battery is an intentional tort that occurs when a doctor performs a procedure without obtaining any consent." Saxena, 159 Cal. App. 4th at 324.

Under California civil law, the elements of a battery are: "(1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff." Tekle v. United States, 511 F.3d 839, 855 (9th Cir. 2007). Accord Piedra v. Dugan, 123 Cal. App. 4th 1483, 1495 (2004).

#### 2. *Analysis*

Defendant Haak argues that Plaintiff's battery claim should be dismissed because Plaintiff provided written consent to the procedures. This argument was converted to a motion for summary judgment, (ECF Nos. 70 & 74), and will be addressed in a separate order.

### IV. RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that defendant Haak's partial motion to dismiss be DENIED.[3]

These findings and recommendations will be submitted to the United States district court judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **fourteen (14) days** after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **seven (7) days** after service of the objections.

\\\

---

[3] The Court will address the portion of the motion to dismiss that was converted to a motion for summary judgment in a separate order.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (quoting <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 23, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE