UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JORGENSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00817-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE FOUR UNKNOWN CORRECTIONAL OFFICERS BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF NO. 90)<br><br>FOURTEEN-DAY DEADLINE |

## I. PROCEDURAL HISTORY

Paul Jorgenson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action. This case now proceeds on Plaintiff's Second Amended Complaint ("SAC"), which was filed on July 12, 2018. (ECF No. 19). This case is proceeding on Plaintiff's FTCA claim against the United States, his Eighth Amendment Bivens claim against the four unknown correctional officers ("the Doe Defendants"), his state tort claims for medical negligence against Defendants Haak, Randhawa, and Emanuel Medical Center, and his state tort claims for battery against Defendants Haak and Emanuel Medical Center. (ECF No. 21, p. 2; ECF No. 95, p. 3).

On March 27, 2019, the Court opened discovery on the issue of the identity of the Doe Defendants. (ECF No. 70, pgs. 1-2). The Court gave Plaintiff until July 12, 2019, to identify

the Doe Defendants. (Id. at 2). The Court informed Plaintiff that "[t]o add named defendants in place of Doe Defendants, Plaintiff may file a motion for leave to amend the complaint or a motion to substitute." (Id.). Plaintiff was warned that "[f]ailure to file a motion for leave to amend or a motion to substitute by this deadline may result in dismissal of Doe Defendants."

Plaintiff failed to identify the Doe Defendants by this deadline. However, in the abundance of caution, on September 10, 2019, the Court gave Plaintiff an additional thirty days to identify the Doe Defendants. (ECF No. 90, p. 2). Plaintiff was warned that "[f]ailure to file a motion to substitute by this deadline may result in dismissal of Doe Defendants." (Id.).

The extended deadline passed, and Plaintiff has not filed a motion to substitute or a motion for leave to amend. Accordingly, the Court will recommend that the Doe Defendants be dismissed from the action, without prejudice.

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the United States Marshal ("the Marshal"), upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a plaintiff

proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22

## III. ANALYSIS

As described above, despite discovery being opened on the issue of the identity of the Doe Defendants and Plaintiff being given over four months to file a motion to substitute or a motion for leave to amend the complaint to identify the Doe Defendants, Plaintiff failed to identify the Doe Defendants. Thus, Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on the Doe Defendants, and has failed to serve the Doe Defendants within the time period required by Federal Rule of Civil Procedure 4(m).

Accordingly, the Court will recommend that the Doe Defendants be dismissed from the action, without prejudice.

## IV. RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the Doe Defendants be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on the Doe Defendants within the time period prescribed by Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

///
///
///

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**November 20, 2019**__

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE