UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JORGENSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00817-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT UNITED STATES BE DISMISSED FROM THIS ACTION WITH PREJUDICE BECAUSE OF PLAINTIFF'S FAILURE TO STATE A CLAIM AND BECAUSE OF PLAINTIFF'S FAILURE TO FOLLOW THIS COURT'S LOCAL RULES<br><br>(ECF NO. 75)<br><br>FOURTEEN-DAY DEADLINE |

I.     **PROCEDURAL HISTORY**

Paul Jorgenson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action. This case now proceeds on Plaintiff's Second Amended Complaint, which was filed on July 12, 2018. (ECF No. 19). This case is proceeding on Plaintiff's FTCA claim against the United States, his Eighth Amendment Bivens claim against the four unknown correctional officers ("the Doe Defendants"), his state tort claims for medical negligence against Defendants Haak, Randhawa, and Emanuel Medical Center, and his state tort claims for battery against Defendants Haak and Emanuel Medical Center. (ECF No. 21, p. 2; ECF No. 95, p. 3).

On April 25, 2019, defendant United States filed a motion for summary judgment, or in the alternative, judgment on the pleadings. (ECF No. 75). Plaintiff had twenty-one days after

1

service of the motion to file and serve an opposition or a statement of no opposition. Local Rule 230(l). Plaintiff did not file an opposition or a statement of no opposition. On September 10, 2019, the Court gave Plaintiff an additional thirty days to file a response to defendant United States' motion. (ECF No. 90, p. 2). The extended deadline for Plaintiff to respond has passed, and Plaintiff has not filed an opposition or a statement of no opposition.

Because Plaintiff failed to follow this Court's local rules, and because defendant United States' motion for judgment on the pleadings should be granted on the merits, the Court will recommend that defendant United States be dismissed from this action.[1]

## II.   FAILURE TO FOLLOW LOCAL RULE 230(l)

### A.  Legal Standards

Under Local Rule 230(l), "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Thus, a Court may dismiss an action for a plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition. See Ghazali, 46 F.3d 52 (dismissal upheld even where plaintiff contended he did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to file opposition). As a motion for judgment on the pleadings is "functionally identical to a Rule 12(b) motion to dismiss for failure to state a claim, differing only in that it is filed after pleadings are closed," a Court may dismiss an action for a plaintiff's failure to oppose a motion for judgment on the pleadings. See Hupp v. City of Beaumont, 2017 WL 2981232, at *3–4 (C.D. Cal. June 9, 2017), report and recommendation adopted, 2017 WL 2978750 (C.D. Cal. July 11, 2017) (internal quotation marks and citations omitted). Cf. Heinemann v. Satterberg, 731 F.3d 914, 916 (9th Cir. 2013)

---

[1] As the Court is recommending that defendant United States' motion for judgment on the pleadings be granted and that defendant United States be dismissed because of Plaintiff's failure to follow this Court's local rules, the Court will not address defendant United States' request for summary judgment.

(holding that a motion for summary judgment cannot be granted based on a failure to file opposition, regardless of any local rule to the contrary).

"Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow…." Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).

  b. <u>Analysis</u>

Plaintiff has failed to follow Local Rule 230(l). Plaintiff failed to respond to defendant United States' motion for judgment on the pleadings, despite being given ample opportunity to do so. Nevertheless, after weighing the factors, the Court finds that dismissal of the action is not appropriate. Instead, the Court will recommend that only defendant United States be dismissed from this action.

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissing the action.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan v. Galaza, 291 F.3d 639, 639 (9th Cir. 2002). As described above, Plaintiff failed to respond to defendant United States' motion, despite being given an additional opportunity to respond after the deadline passed. This repeated failure is interfering with docket management. Therefore, the second factor weighs in favor of dismissing the action.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and Plaintiff's failure to respond to defendant United States' motion is delaying the resolution of this case. However, the delay caused by Plaintiff's failure has only been slight. Therefore, the third factor is neutral.

Because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

As to the availability of lesser sanctions, the Court finds that a less drastic sanction than dismissal is available and is adequate to protect the Court from further unnecessary expenditure of its scare resources. As Plaintiff has failed to follow the local rules regarding opposing defendant United States' motion for judgment on the pleadings, the Court will only recommend that defendant United States be dismissed.

### III. DEFENDANT UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS

#### a. Summary of Plaintiff's Complaint

At approximately 8:00 a.m. on the morning of November 21, 2016, four United States Penitentiary Atwater correctional officers arrived at Plaintiff's cell and informed him that he was going on a medical trip. Plaintiff told the officer in charge that he had not requested any medical treatment either verbally or in written form, and that he had a right to refuse non-emergency medical treatment. Nevertheless, Plaintiff was placed in leg shackles, as well as hand-cuffs secured with a "black box" and waist chain, and then taken to Emanuel Hospital Center. The restraints were never completely removed during the course of Plaintiff's hospital stay.

These four unknown correctional officers were the staff that provided security at the Emanuel Hospital Center, and were charged with guarding Plaintiff at Emanuel Medical Center from November 21 to November 23, 2016. Plaintiff was chained hand and foot to the hospital bed. The four officers also kept the television set at the highest volume during Plaintiff's entire

stay at the hospital. This high volume subjected Plaintiff to sleep deprivation.

After arriving at the Emanuel Medical Center on November 21, at approximately 10:00 a.m., Plaintiff was ordered to sign some "preliminary paperwork" by the guards and Emanuel Medical Center staff. Plaintiff again advised the officer in charge that he had not requested any medical treatment and also informed the Emanuel Medical Center staff that he had a right to refuse non-emergency medical treatment.

Plaintiff was then placed supine in a CT scanner. After CT localization of a portion in the right hepatic lobe of the liver for the biopsy was obtained, a lidocaine anesthetic was administered and a 19-gauge guide needle was advanced into the right hepatic lobe. 20-gauge lung core samples were obtained and placed in a preservative solution for later examination. The procedure was negligently performed due to staff inattention and in wanton disregard of Plaintiff's requests to refuse treatment. Plaintiff suffered an immediate pneumothorax collapse of his right lung.

At the CT procedure, the attending physician was defendant Richard B. Haak, M.D., and defendant Jaspal Randhawa was the technologist. Other personnel were involved, but Plaintiff does not know their names.

A right pleural chest tube was implanted and introduced into the right pleural cavity. Plaintiff experienced immediate dizziness, nausea, and impaired breathing. He was admitted as an "in patient" and placed in a bed in a secure ward. Plaintiff was chained to the bed for three days. He was placed on an external suction machine as a means to inflate his right lung. He was given pain medications, but they were ineffective and he continued to experience substantial pain and anxiety during his stay.

By late afternoon of November 23, 2016, all medical intubations were removed and Plaintiff was returned to the penitentiary. Plaintiff did not give his consent for a livery biopsy, a collapsed lung, the intubation of the external suction machine, or being chained to the bed.

Plaintiff also alleges that, under defendant Moore (the Hospital Administrator and Chief Medical Officer at United States Penitentiary Atwater), the organization and administration of medical care at United States Penitentiary Atwater is inadequate. Records are not up to date,

and procedures are routinely performed without current symptomatic indication, evaluation, or past disease history.  Moreover, Plaintiff alleges that it was defendant Moore who ordered that a liver biopsy be performed on Plaintiff.

### b. Defendant United States' Motion for Judgment on the Pleadings

Defendant United States argues that it is entitled to judgment on the pleadings. (ECF No. 75-1, p. 7). "As the Court indicated in its screening order, it is not clear what underlying torts are being asserted against the United States." (Id.).

"To the extent plaintiff alleges that he was subjected to a battery by Dr. Moore, such a claim fails because plaintiff does not contend that Dr. Moore performed the liver biopsy or otherwise touched plaintiff in any unwanted manner.  Moreover, at the scheduling conference, plaintiff conceded that he signed a consent form at the hospital.  Although plaintiff argued at the scheduling conference that he signed the consent form at the hospital under duress, he does not allege that Dr. Moore was involved in any way in that duress." (Id.) (citations omitted).

"To the extent plaintiff alleges that Dr. Moore committed medical malpractice, plaintiff has failed to state a claim…. In his Second Amended Complaint, plaintiff alleges only that he 'had not requested any medical treatment.'  This allegation, even construed liberally, does not meet the pleading requirements for a medical negligence claim.  Moreover, although plaintiff alleges that 'the organization and administration of the medical care system at the penitentiary is [in]adequate,' that "[m]edical records are not maintained up to date,' and that he 'was never interviewed or examined by Dr. Moore prior to or after the liver biopsy he ordered,' these allegations also do not meet the pleading requirements for a medical negligence claim. Plaintiff certainly has not alleged how these alleged failures on Dr. Moore's part proximately caused the chest injury that plaintiff alleges he sustained at Emanuel Medical Center. (Id. at 7-8) (citations omitted).

"Finally, to the extent plaintiff is asserting an intentional infliction of emotional distress claim based on the allegation that correctional officers kept the television set in the secure ward on highest volume 24 hours a day, this fails to state a claim upon which relief may be granted…. Here, keeping the volume on a nearby television at its highest volume twenty-four

hours a day in the secure ward (which plaintiff alleges was staffed by the correctional officers who were allegedly blasting the volume and, presumably, was frequently occupied by hospital personnel) cannot, as a matter of law, be viewed as atrocious and utterly intolerable in a civilized community." (Id. at 8-9) (citations and internal quotation marks omitted).

      c. Legal Standards

           *i. Motions for Judgment on the Pleadings*

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998). "[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). See also Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

The court applies the same standard as on 12(b)(6) motion for failure to state a claim upon which relief can be granted. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Ashcroft v. Iqbal, 556 U.S.

662 (2009)).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. See Iqbal, 556 U.S. at 679. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236 (1974).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in Conley, 355 U.S. at 45-46). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

    *ii.*  *Federal Tort Claims Act*

"[T]he district courts … have exclusive jurisdiction of civil actions on claims against the United States, for money damages … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the

United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

The Federal Tort Claims Act ("FTCA") provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

"The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976). The FTCA includes officers and employees of "any federal agency" but expressly excludes "any contractor with the United States." 28 U.S.C. § 2671. The "critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day operations' of the contractor, and not whether the agency must comply with federal standards and regulations." Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993) (quoting Ducey v. United States, 713 F.2d 504, 516 (9th Cir.1983)). Thus, the federal government is not responsible for the negligence of the employees of other entities, merely because they are working under a federal contract, maintaining property owned by the federal government, or working on projects funded by the federal government. See, e.g., Logue v. United States, 412 U.S. 521 (finding that the federal "marshal had no authority to control the activities of the sheriff's employees," and thus "the sheriff's employees were employees of a 'contractor with the United States,' and not… employees of a 'Federal Agency'").

The United States is not liable under the FTCA for constitutional tort claims. FDIC v. Meyer, 510 U.S. 471, 478 (1994). The FTCA "makes the United States liable 'in the same manner and to the same extent as a private individual under like circumstances.'" United States v. Olson, 546 U.S. 43, 46 (2005) (emphasis removed) (quoting 28 U.S.C. § 2674). "The law of the place in § 1346(b) has been construed to refer to the law of the state where the act or omission occurred. Thus, any duty that the United States owe[s] to plaintiff[] must be found in California state tort law." Delta Sav. Bank v. United States, 265 F.3d 1017, 1025 (9th Cir.

2001) (internal citations and quotation marks omitted).

   d. <u>Analysis</u>

Defendant United States is correct that "it is not clear what underlying torts are being asserted against the United States." (ECF No. 75-1, p. 7). Plaintiff's complaint does not specify which tort(s) are being asserted against defendant United States. Instead, Plaintiff alleges that "[t]he United States of America is being sued … for the acts and omissions of its employees which proximately caused Plaintiff continuing physical injury, pain, and emotional distress." (ECF No. 19, p. 3).

While Plaintiff's pleadings are held to less stringent standards because he is proceeding *pro se*, the Court is unable to determine what tort claim(s) Plaintiff is attempting to assert against defendant United States. Plaintiff's complaint lists the acts and omissions of numerous individuals, and Plaintiff never specifies which of those acts and omissions he is alleging that defendant United States is responsible for. And, as Plaintiff did not file an opposition to defendant United States' motion, no explanation has been provided.

Thus, Plaintiff's complaint fails to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555 (alteration in original) (<u>quoting</u> Conley, 355 U.S. at 47). Therefore, the Court will recommend that defendant United States' motion for judgment on the pleadings be granted.

## IV. RECOMMENDATIONS

For the reasons set forth above, the Court HEREBY RECOMMENDS that:

1. Defendant United States' motion for judgment on the pleadings be GRANTED; and
2. Defendant United States be dismissed from this action with prejudice because of Plaintiff's failure to state a claim and because of Plaintiff's failure to follow this Court's local rules.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may

file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 9, 2019**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE