UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JORGENSON,<br><br>          Plaintiff,<br><br>     v.<br><br>RICHARD B. HAAK, M.D., et al.,<br><br>          Defendants. | Case No. 1:17-cv-00817-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS EMANUEL MEDICAL CENTER AND JASPAL RANDHAWA'S MOTION TO DISMISS/REQUEST FOR THE COURT TO DECLINE SUPPLEMENTAL JURISDICTION BE GRANTED<br><br>(ECF NO. 117)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.     BACKGROUND**

Paul Jorgenson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this case. This case now proceeds on Plaintiff's Second Amended Complaint ("SAC"), which was filed on July 12, 2018. (ECF No. 19). This case is proceeding on Plaintiff's state tort claims for medical negligence against defendants Haak, Randhawa, and Emanuel Medical Center, and his state tort claims for battery against defendants Haak and Emanuel Medical Center. (ECF No. 21, p. 2; ECF No. 95, p. 3; ECF No. 104, p. 2; ECF No. 105, p. 2). Plaintiff originally asserted federal claims in this case, but the federal claims were dismissed on January 28, 2020 (ECF Nos. 104 & 105).

On May 13, 2020, defendants Emanuel Medical Center ("EMC") and Jaspal Randhawa ("Randhawa") moved "the Court for an Order to dismiss this matter by declining supplemental

jurisdiction over the remaining state law claims and Defendants under Rule 12b(1) [sic] and 28 U.S.C. § 1367(c)."  (ECF No. 117).  Neither Plaintiff nor defendant Haak opposed or otherwise responded to the motion.

For the reasons that follow, the undersigned will recommend that defendants EMC and Randhawa's motion be granted.

## II.   DEFENDANTS EMC AND RANDHAWA'S MOTION

Defendants EMC and Randhawa argue that the Court should decline to exercise supplemental jurisdiction because "the claims for supplemental jurisdiction predominate over the original jurisdiction claims," because "all federal defendants and claims have been dismissed," and because "[g]iven the judicial emergency [in the Eastern District of California], exceptional circumstances would also warrant declining supplemental jurisdiction."  (ECF No. 117, pgs. 5-6).

## III.  LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "Article III, § 2, of the Constitution delineates [t]he character of the controversies over which federal judicial authority may extend.  And lower federal-court jurisdiction is further limited to those subjects encompassed within a statutory grant of jurisdiction.  Accordingly, the district courts may not exercise jurisdiction absent a statutory basis."  Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019) (alteration in original) (citations and internal quotation marks omitted).

"In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that aris[e] under federal law and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties.  These jurisdictional grants are known as federal-question jurisdiction and diversity jurisdiction, respectively.  Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which to vindicate federal rights, whereas diversity jurisdiction provides a neutral forum for parties from different States."  Home Depot, 139 S. Ct. at 1746 (alteration in original) (citations and internal quotation marks omitted).

Additionally, "[e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts [] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C § 1367(a).

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C § 1367(c)(1)-(4).

"The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity."  Snell v. Deutsche Bank Nat. Tr. Co., 2015 WL 1440295, at *6 (E.D. Cal., Mar. 27, 2015) (citing Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*)).

**IV.   ANALYSIS**

Plaintiff has not opposed defendants EMC and Randhawa's motion to dismiss/request for the Court to decline supplemental jurisdiction.  There does not appear to be a dispute that all claims over which the Court had original jurisdiction have been dismissed.  In light of this, the issue is whether the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.  The undersigned finds that it should.

The Court has been handling this case since 2017, and the case has been progressing. The Court has screened the case (ECF Nos. 20 & 21), ruled on two motions to dismiss (ECF

Nos. 91, 93, 95 & 96), and issued findings and recommendations on the portions of the motions to dismiss that were converted to motions for summary judgment (ECF No. 109).  Thus, there is at least some argument that judicial economy would be served by this Court exercising supplemental jurisdiction over the remaining state law claims.

However, the federal claims were dismissed prior to the Court scheduling this case, at least in part because Plaintiff failed to prosecute his federal claims.  (ECF No. 98; ECF No. 101 pgs. 2-4; ECF No. 104; & ECF No. 105).  Additionally, defendants EMC and Randhawa filed their motion a little over three months after the federal claims were dismissed.  While the Court has scheduled the case, non-expert discovery is ongoing and no trial has been set.  (ECF No. 112).  Thus, overall, the federal claims were dismissed relatively early on in this case and defendants EMC and Randhawa promptly requested the Court to consider declining to exercise supplemental jurisdiction.[1]

Moreover, "[t]he Supreme Court has stated, and [the Ninth Circuit has] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri, 114 F.3d at 1001 (third alteration in original) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).  Here, neither Plaintiff nor defendant Haak has pointed to anything suggesting that this is anything but the usual case.

Therefore, the undersigned will recommend that the Court decline to exercise supplemental jurisdiction, that the remaining be dismissed without prejudice to Plaintiff bringing the claims in state court, and that all other outstanding motions be denied without prejudice.

**V.     RECOMMENDATION**

Accordingly, IT IS RECOMMENDED that:

    1.  Defendants EMC and Randhawa's motion to dismiss/request for the court to

---

[1] At the scheduling conference on March 4, 2020, counsel for defendants EMC and Randhawa asked if the Court was going to *sua sponte* consider supplemental jurisdiction, and the undersigned informed counsel that he should file a motion if he wanted the issue addressed.

      decline supplemental jurisdiction be granted;

2. The Court decline to exercise supplemental jurisdiction over the remaining claims;

3. The remaining claims be dismissed without prejudice to Plaintiff bringing the claims in state court;

4. All other outstanding motions be denied without prejudice; and

5. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 29, 2020**          /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE